GEORGE H. TREADWELL, as Executor, etc., *v.* SAMUEL INSLEE, as Executor, etc., Respondent.

In 1845 W., being the owner of four lots in the city of A., which were drained by a drain running from the westerly lot across the other three, sold and conveyed one of the easterly lots to D., and through various mesne conveyances the title thereto became vested in R., defendant's testator. None of the deeds contained any reservation of the use of any drain, or of any right of drainage through or across the lot. Subsequent to such conveyance by him, W. conveyed the westerly lot to V. by deed, which contained no mention of any right of drainage through or across the lot previously conveyed. In 1851 V. conveyed said lot by deed, which purported to convey " the free and uninterrupted use of a drain in common with the other owners." In 1860 M., plaintiff's testator, became the owner of said lot through mesne conveyances, all of which

contained a similar provision as to the drain. In 1885 the drain was cut off and stopped up on defendant's lot. In an action to compel its restoration and to prevent any interference therewith, *held,* that the conveyance by W. of defendant's lot, without reservation of any right of drainage, cut off all such right from any lots subsequently conveyed by him; and that, therefore, a finding that by the deed to M. he became owner of a right of drainage across defendant's lot, was error.

M. first knew of the drain when he took possession of his lot in 1860; the earliest date at which the evidence charged R. with knowledge of its existence was in 1875. *Held,* the evidence failed to establish a right by adverse user; that as the drain was underground and so not visible, the adverse user did not begin to run until it was brought to the notice of defendant in 1875.

To establish an easement in the land of another, by prescription or adverse use, it is essential that the use and claim of right be actually known by the person against whom the adverse user is claimed, or it must be so visible, open or notorious, as that knowledge will be presumed.

The deed from W. of defendant's lot, did convey the right to the use of a drain across the grantor's lot on the east. *Held,* that the grantee and his successors in interest were not charged thereby with constructive notice of the existence of a drain across the lot conveyed for the benefit of the westerly lots.

The deed to D. was not recorded until after the conveyance of the westerly lot by W. to V., and the recording thereof. *Held,* not material, as the deed to the latter did not purport to convey any right of drainage across D.'s lot.

It is only when two conveyances purport to convey the same property, that the subsequent grantee obtains a priority over the former one, by reason of priority of record of his deed.

Also, *held,* the fact that W., subsequent to the conveyances above referred to, conveyed the lot east of defendants, subject to a right of drainage for the benefit of all the other lots, did not affect the right of defendant's testator, nor was he charged with notice of its contents.

Reported below, 46 Hun, 399.

(Argued April 23, 1890; decided June 3, 1890.)

APPEAL from an order of the General Term of the Supreme Court in the third judicial department, made at the November term, 1887, which reversed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term, and granted a new trial.

This action was brought by the plaintiff's testator to restrain the defendant's testator from interfering with a drain running

from the plaintiff's premises across the defendant's. premises, and to compel him (defendant's testator) to restore the portion of the drain which he had destroyed.

Prior to October 14, 1845, Platt Williams was the owner of four lots of land on Patroon street, now Clinton avenue, in the city of Albany, and of land adjoining said lots on the south, and fronting on Orange street. On the date last named, said Williams and wife conveyed to one Davidson the lot owned by the defendant, and thereafter said lot by several mesne conveyances was conveyed to John Reid, the defendant's testator. Said Reid became the owner in May, 1873. None of said deeds contained any reservation of the use of any drain or of any right or privilege of drainage through or across said lot. The deed to Davidson did, however, convey the right to "the use of a drain in the rear of said premises, leading from thence through another lot of said party of the first part (Williams) to a public drain in Orange street," and said right of drainage was by several mesne conveyances of said lot conveyed to said Reid.

On November 20, 1849, said Williams and wife conveyed to one Charles C. Vail two plots of ground on Patroon street, one lying easterly and one westerly of the lot conveyed to Davidson, the latter of which two plots of land included the lot now owned by the plaintiff. The deed to Vail made no mention of any right of drainage or of any right to use any drain through or across the defendant's lot. On December 2, 1851, said Vail conveyed the lot now owned by the plaintiff to one William Rennie, and by several mesne conveyances the title thereto was, prior to September 4, 1860, vested in James Vane, who, on said date conveyed the same to plaintiff's testator. The deed from Vail to Rennie purported to convey "the free and uninterrupted use of a drain in common with the other owners," and such right is expressed as being conveyed in all subsequent deeds of the lot to and including the deed from Vane to the plaintiff's testator. When plaintiff's testator became the owner of said lot there existed a drain which ran therefrom across an intervening lot

and across the defendant's lot, to the lot of one George Carroll which is next east of defendant, and then entered a drain running southerly across a lot owned by one Flood to Orange street, which then and for some time thereafter was used to drain the plaintiff's lot. In May, 1885, the said drain was discovered by plaintiff's testator to have been cut off and stopped up with clay, upon defendant's lot.

Flood derived the title to his lot from Williams, and the conveyance to him in October, 1853, was "subject to a certain right of drainage or sewerage from four certain lots heretofore sold and conveyed by parties of the first part (Williams) and lying on Patroon street, through a drain or sewer heretofore constructed in and upon said lot hereby conveyed, and this right is hereby reserved. The party of the second part, his heirs and assigns being hereby bound to keep in repair that part of said drain or sewer as it now exists, which runs through the lot hereby conveyed."

The trial court found that by the deed from Vane and wife the plaintiff's testator became the owner of a right of drainage across the defendant's lot and thence across the lot on the east to a drain running southerly to Orange street.

That the defendant's testator held his lot subject to such right of drainage and became the owner of said lot with due notice of said right. That the plaintiff had, prior to May, 1885, used and enjoyed said right of drainage for more than twenty years.

That the drain from plaintiff's lot through defendant's lot and thence to Orange street, was the one referred to in the deed from Williams to Davidson, and that defendant and his grantors were made aquainted with the condition of the lots in reference to the drain by the deed of Williams to Davidson, and took title with notice and knowledge of the changed condition of the lots as related to the drain.

Further facts appear in the opinion.

*G. L. Stedman* for appellant. The plaintiff has a right to the use of the drain by prescription. (Washb. on Easements,

104, 151; *Ward* v. *Warren*, 82 N. Y. 265.) The plaintiff has a legal right to use the drain upon the language of the deeds introduced in evidence. (*Flint* v. *Bacon*, 13 Hun, 454, 457; *Acer* v. *Westcott*, 46 N. Y. 384; *McPherson* v. *Rollins*, 107 id. 316; Gale and Whately on Easements, 40; 21 N. Y. 516; *Bridge* v. *Pierson*, 66 Barb. 517; *Hubbell* v. *McCulloch*, 47 id. 294; *Fitzhugh* v. *Raymond*, 49 id. 649.) The burden having been imposed upon the defendant's lot, and the privilege conferred upon the plaintiff's lot by Williams, the common owner, they hold them according to their changed conditions as made by the common owner. (*Roberts* v. *Roberts*, 55 N. Y. 275, 277; *Green* v. *Collins*, 86 id. 25; *Lampman* v. *Milks*, 21 id. 505, 507.) The failure of Davidson or his grantees to record the deed of Williams to Davidson, one of defendant's grantors, until after the plaintiff's testator had purchased his lot, recorded his deed and used the drain for many years, makes such deed to Davidson void, and makes the deed of Williams to Vail, one of plaintiff's grantors, of the same force as it would have had if the deed to Davidson had never been given. (4 R. S. [8th ed.] 2469, §§ 1, 36, 37; *Decker* v. *Boice*, 83 N. Y. 215; *Page* v. *Waring*, 76 id. 463; *Cook* v. *Travis*, 20 id. 400, 402; *Webster* v. *Van Steenbergh*, 46 Barb. 211; *Hooker* v. *Pierce*, 2 Hill, 650; *Wood* v. *Chapin*, 13 N. Y. 509.) The plaintiff and defendant having acted upon the situation, and the defendant having demanded and received from plaintiff money upon the faith and credit of the situation, the defendant is estopped from denying the plaintiff's rights. (*Nellis* v. *Munson*, 24 Hun, 575.)

*Isaac Lawson* for respondent. The trial court erred in finding "that in and by the deed from Vane and wife to the plaintiff" (which was executed in 1860), "the plaintiff became the owner of a right of drainage from his premises across, or through, the two lots lying adjacent to and next east of said lot of plaintiff, etc., and that the defendant owns and holds his lot subject to such right of drainage." (*Butterworth* v. *Crawford*, 46 N. Y. 349; *Reiners* v. *Young*, 38 Hun, 337;

15 N. Y. S. R. 277; *Outerbridge* v. *Phelps*, 13 J. & S. 555, 572; *Taylor* v. *Millard*, 42 Hun, 363; *Shoemaker* v. *Shoemaker*, 11 Abb. [N. C.] 80; *Carbry* v. *Willis*, 7 Allen, 369; Washb. on Easements, 66–70; *Huyck* v. *Andrews*, 113 N. Y. 81; *Rea* v. *Minkler*, 5 Lans. 196; *Hymes* v. *Estey*, 41 Alb. L. J. 134.) The judgment cannot be sustained upon the ground of adverse user. (*Ward* v. *Warren*, 82 N. Y. 268; *Hanifin* v. *Blake*, 102 Mass. 297; *Blake* v. *Everitt*, 1 Allen, 348; *Carbry* v. *Willis*, 7 id. 368; *Parker* v. *Foote*, 19 Wend. 311; *Colvin* v. *Bennet*, 17 id. 568; Washb. on Easements [3d ed.], 160; *Nicholls* v. *Wentworth*, 100 N. Y. 455; *Sturges* v. *Parkhurst*, 18 J. & S. 311.) The fact that the deed from Williams to Davidson, through which defendant holds title to his lot, was not recorded until after that from Williams to Vail, through which the plaintiff claims title to his, can have no bearing on the case to support the judgment. (*Bank* v. *Delano*, 48 N. Y. 326; *Acer* v. *Westcott*, 46 id. 384; *Ins. Co.* v. *Halsey*, 8 id. 271; *Reed* v. *Gannon*, 50 id. 349; *Williamson* v. *Brown*, 15 id. 362.)

Brown, J.  The finding of the Special Term that the plaintiff's testator became the owner of a right of drainage across the defendant's lot by the deed from Vane and wife cannot be sustained.

The earliest conveyance by Williams of any of the property affected by the drain in question was of defendant's lot to Davidson in 1845. That conveyance contained no reservation of the use of any drain for the benefit of the lots lying west of it, and it cut off all such right from any lots subsequently conveyed by Williams.

Williams continued to own the plaintiff's lot until November, 1849, and his conveyance of that lot in that month to Vail did not purport to convey any right to the use of the drain.

Whether or not a drain existed at that time does not appear in the evidence, and is not important or material in view of the fact that the right to use it was neither reserved in the deed to Davidson or conveyed by the deed to Vail.

The earliest mention of a drain in connection with plaintiff's property is in the deed from Vail to Rennie in 1851. That deed did not locate it or describe it as running across defendant's lot. The right to such use was conveyed to Vane, and he conveyed it to the plaintiff's testator in 1860. No deed from any owner of defendant's lot prior to 1860 is proven, conveying any such right, and it is apparent that at that date no title by user could have been acquired by the owner of plaintiff's lot. The finding quoted, therefore, appears to be without any evidence to sustain it.

The right to the use of the drain for the benefit of the plaintiff's lot (if such can be sustained) does not rest upon a conveyance thereof, but upon a title obtained by a use adverse to the defendant.

The Special Term found as a fact that prior to May, 1885, when the plaintiff's testator first discovered that the drain was cut off, he had used and enjoyed such right of drainage for more than twenty years under claim of right.

If that finding can be sustained, it is not disputed that the judgment of the Special Term was right, and the only question necessary to be considered upon this appeal is whether such finding has evidence to support it.

The conveyance to Munsion, plaintiff's testator, was in September, 1860. He testified that he first knew of the drain when he took possession of the property. That it commenced at his house, ran southerly to the rear of the lot, thence easterly across the defendant's lot to the lot of George Carrol, where it entered the sewer leading southerly to Orange street.

That is the earliest date at which the evidence fixes the existence of the drain across defendant's lot, and there is no evidence that at that time its existence was known to the owner of that lot. John Reid, defendant's testator, purchased the lot in May, 1873. Munsion testified that in 1875 he paid $5 to John Reid's brother for repairing the common sewer running across Flood's lot to Orange street, and, assuming that John Reid was cognizant of that payment, and that it permits an inference that he must then have known that the drain

from plaintiff's lot to the common sewer crossed his property, that is the earliest date at which the evidence charges him with knowledge of the fact.

These facts do not establish an adverse user.

To establish an easement in the land of another by prescription or adverse use, it is essential that the use and claim of right be actually known by the person against whom the adverse user is claimed, or it must be so visible, open or notorious as that knowledge of such use or claim will be presumed. (*Ward* v. *Warren,* 82 N. Y. 265; *Parker* v. *Foote,* 19 Wend. 309–311; *Nicholls* v. *Wentworth,* 100 N. Y. 455; Washb. on Ease. [3d ed.] 160; *Hannefin* v. *Blake,* 102 Mass. 297.)

This drain was not visible or apparent to an owner of property, and the adverse user did not begin to run until it was brought to the notice of the defendant's testator, in 1875, and it is apparent that, at the time of the commencement of this action, such user had not ripened into a title.

Nor can the right of drainage be sustained upon any claim that the drain existed at the time of the deed to Davidson.

If Williams had constructed this drain for the benefit of all the lots on Patroon street, the right, so far as it related to the lots west of defendant's lot, was lost upon the conveyance to Davidson.

As already stated, the drain was not an apparent or visible encumbrance, and, in the absence of actual knowledge of its existence, Davidson had a right to rely upon appearances and to believe that the apparent condition was the real one.

In such a case as this the grantee takes his land according to the terms of his deed, and if the deed gives no notice of any right reserved in favor of the grantor across the lot conveyed, the latter is freed from any servitude theretofore existing, and the grantor is estopped, by his covenants, from asserting any. (*Butterworth* v. *Crawford,* 46 N. Y. 349; *Huycks* v. *Andrews,* 113 id. 81.)

The appellant's claim that the owner of defendant's lot is chargeable, by the record, with constructive notice of the existence of the drain from the date of the deed to Davidson, cannot be sustained.

·The deed to Davidson gave no notice that the lot thereby conveyed was burdened with a servitude in favor of any lots of Williams on the west. It conveyed the right to the use of a drain across the grantee's lot on the east, leading to the common sewer to Orange street. This was beneficial to the lot conveyed. But there is no intimation that lots on the west were to enjoy a similar benefit, or that Davidson's lot was burdened with a right of drainage in their favor. None of the subsequent deeds for this lot recognized any servitude in favor of plaintiff's lot.

The fact that the deed to Davidson was not recorded until May, 1875, long after the record of the deed from Williams to Vail, is not a material fact in the record.

If the deed to Vail had conveyed a right of drainage across Davidson's lot, the failure to record the Davidson deed might have been important. But, as already pointed out, this deed did not purport to grant or convey any right of drainage.

It is only when two conveyances purport to convey the same property that a subsequent purchaser obtains a priority over an earlier grantee by reason of priority of the record of his deed.

Neither was the defendant or his grantor chargeable with notice of the contents of the Flood deed. That conveyance was subsequent to both the deeds to Davidson and Vail. It did not appear in the chain of title to either lot; and, if it did, I fail to see how the fact that Flood's lot was burdened with the right of drainage in favor of all the lots on Patroon street could alter the rights which the owner of the defendant's lot acquired under the deed to Davidson.

The order must be affirmed and judgment absolute rendered for the respondents, with costs.

All concur.

Judgment affirmed.