ABRAHAM VEEDER, Appellant, v. ABRAM RELYEA, Respondent.

*Right of way by prescription — knowledge of claim of right — mutual grant.*

There are two ways of establishing a right of way by prescription or user; one, by use, combined with actual knowledge on the part of the owner whose land is being used, that the party using his land claims a right to so use it; and the other, by a use so open and notorious, that knowledge of a claim of right will be presumed.

When, in an action of trespass upon land, the defendant alleges, in justification, and gives evidence tending to prove a right of way in himself over the plaintiff's land by prescription and adverse use, evidence on the part of the plaintiff, disproving actual knowledge of any claim of right by the defendant, is competent and material.

Evidence that each of two contiguous land owners had been accustomed to use a portion of the other's land for passage, and that each had subsequently forbidden the other to use his land, does not, of itself, raise a presumption of an original mutual grant which will take from the jury the determination of the question whether there was such a grant.

APPEAL by the plaintiff, Abraham Veeder, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of Albany county on the 27th day of May, 1892, upon the verdict of a jury rendered at the Albany Circuit, and from an order denying the plaintiff's motion for a new trial, made upon the minutes.

*Robert J. Landon*, for the appellant.

*J. H. Clute*, for the respondent.

HERRICK, J. :

This is an appeal by the plaintiff from a judgment entered upon the verdict of the jury in favor of the defendant.

The action was brought by the plaintiff against the defendant for an alleged trespass committed by the defendant upon plaintiff's land and private road, breaking the lock and entering through the gate of the plaintiff, and in and upon the land and private road of the plaintiff and damaging it.

Upon the trial the plaintiff limited his claim for damages to the trespass committed upon the road and no other place.

The defendant in his answer denied the trespass and alleged that the private road mentioned by the plaintiff in his complaint, was a private road belonging to, and in possession of, the defendant as a right of way from a public highway, and alleged that he had been in possession and occupation of the same for over thirty years, and that his grantor had had uninterrupted possession, occupation and use thereof for some years before the plaintiff purchased the property from his, the defendant's, grantor.

Upon the trial the plaintiff proved title in himself to the premises in question, and the defendant attempted to prove the use and occupation by himself and his grantor of said private road, and attempted to establish a right of way in himself by user.

After the close of the defendant's case, evidence having been given in his behalf tending to show that he had for a long series of years been accustomed to traverse the land of the plaintiff over the private road in question, or in the immediate vicinity thereof, the plaintiff in rebuttal was recalled as a witness in his own behalf, and asked the following questions :

" Q. Since Abram Relyea moved onto his farm in 1858, have you up to the time of the commencement of the present trouble, known that he claimed a right of way over your land ?

" Q. From 1858 down to the commencement of this trouble, did you know that Abram Relyea when he crossed your land, crossed under a claim of right to cross ?

" Q. From the use made of your lands by Abram Relyea in passing from the rear farm to the highway, and from your use of his lands in order to get to your back lot, how did you understand the way to be used ?

" Q. Did you believe and understand that Abram Relyea's use of your road during the time you used his lands was a matter of mutual convenience ? "

Objections were made to each of them on the part of the defendant, and the objections sustained and the evidence ruled out.

The evidence introduced by the defendant had been to prove a right of way in himself over the land of the plaintiff by prescription and adverse use; there is no claim or pretense of any grant. To make title by prescription or adverse user, the use and possession must be under a claim of title. (*Trustees of East Hampton* v. *Kirk*, 68 N. Y. 459–465.)

This claim of right or title must be with the knowledge of the person against whom it is made; it must not be a use or occupation, clandestine or by stealth, and unknown to the servient owner. (*Ward* v. *Warren*, 82 N. Y. 265.)

It may be established by showing actual knowledge on the part of the person against whom the adverse user is claimed, that the person using the land claims he has a right or title to use it, or by a visible, open and notorious use, so visible and notorious that knowledge of such use or claim by the servient owner will be presumed. (*Treadwell* v. *Inslee*, 120 N. Y. 458–465.)

Thus it will be seen that there are two ways of establishing a right of way or use by prescription or user, one by use combined with actual knowledge on the part of the owner whose land is being used, that the one using his land claims a right to so use it, and the other by use so open and notorious that knowledge of a claim of right will be presumed.

It follows, it seems to me, that evidence in negation of either one or both of these ways of acquiring the right by use, is perfectly competent and material; evidence disproving actual knowledge of any claim of right compels the party to rely upon the other way to establish his claim ; that is, that the user was so visible, open and notorious that the law would presume knowledge; where a party has actual knowledge of the claim, much less evidence would be necessary to establish a right by user than when it appears that as a matter of fact he did not have actual knowledge of the claim which the person made who was using his land.

For that reason I think the learned trial justice erred in sustaining the objections to the questions herein set forth.

It appears in the case that the private road so called reached to the defendant's premises, and that the plaintiff was accustomed to cross the defendant's premises for a short distance to reach a back lot belonging to him, so that they mutually used each other's land.

Sometime in the year 1877 the defendant, through his attorney, forbid the plaintiff the use of his land, and thereafter plaintiff notified the defendant that he must not use his land.

The only evidence of any grant, mutual or otherwise, is the fact that each used a portion of the other's land. Just where it was used, or whether the same line of travel had always been used by them, seems to be in some doubt; there is a conflict in the evidence in relation thereto.

In submitting the case to the jury, the court charged, among other things, the following: " There being no direct evidence of an agreement under which the user commenced, there is nothing to rebut the presumption of a mutual grant."

This in substance is a direction to the jury that the evidence raised the presumption that there was a mutual grant, and that there was no evidence in the case to the contrary, and substantially took from the jury all consideration of the evidence, and did not leave them at liberty to determine from the evidence whether there was or was not a mutual grant, but was practically a decision by the court, that as a matter of law upon the evidence presented, " There was a mutual grant of a right of way." This I think was error. Whether there was or was not such a grant was a question of fact to be determined from all the evidence in the case; the notice given by each of the parties to the other was evidence to be taken into consideration by the jury as to how the parties themselves understood the matter.

For the errors indicated the judgment should be reversed and a new trial granted, costs to abide the event.

MAYHAM, P. J., and PUTNAM, J., concurred.

Judgment reversed and a new trial granted, costs to abide the event.