(39 App. Div. 162.)

HEISER et al. v. GAUL.

(Supreme Court, Appellate Division, Fourth Department. March 22, 1899.)

1. DRAINS—REPAIRS — ENTRY UPON ADJOINING LAND — EASEMENT — ADVERSE USER.
    Adverse use of a ditch on the land of another for 20 years gives to the person using it an easement entitling him to go upon the adjoining land and remove obstructions.

2. SAME—TRESPASS—SUFFICIENCY OF EVIDENCE—QUESTION FOR JURY.
    In trespass for entering on adjoining land to remove obstructions from a ditch which drains defendant's land, evidence that the ditch has existed for more than 25 years, and that during that time defendant and prior occupants have been allowed to enter without objection to clean the ditch, is sufficient to warrant the court in submitting to the jury the question whether an easement has been acquired by adverse user.

3. SAME—ADMISSIBILITY OF EVIDENCE.
    In trespass against an occupant of adjoining land for entering on plaintiff's land to remove obstructions from a ditch which drained defendant's land, there was evidence that defendant's lessor had an easement entitling him to go upon the land to repair the ditch. Held, that the defendant could prove that in making the repairs he acted under authority from the lessor.

Appeal from Erie county court.

Action by William Heiser and Henry Heiser against George Gaul. From a judgment for plaintiffs, defendant appeals. Reversed.

Trial in the county court in Erie county, where a verdict for the plaintiffs was rendered on the 17th day of March, 1898, for the sum of six cents. An order was made by that court denying a motion for a new trial made on the judge's minutes. Judgment was entered on the verdict on the 26th day of July, 1898, and the defendant appeals from the judgment and from the order. In the plaintiffs' complaint it is alleged that the defendant, on the 4th day of September, 1897, at the town of Hamburg, "forcibly broke into, and wrongfully and unlawfully entered upon, the lands occupied by and in rightful possession of these plaintiffs, and, with team and plow, wrongfully and unlaw-

fully dug up and plowed a furrow about three hundred feet long, extending east and west upon and across the said premises occupied by and in possession of these plaintiffs." The answer of the defendant alleges that he is a tenant in possession of a farm owned by Conrad Gaul lying adjacent to the premises mentioned in the complaint; "that there exists appurtenant to the premises so occupied by this defendant an easement to enter upon the premises in possession of the plaintiffs mentioned in the said complaint, and clear out, repair, and keep in order a certain ditch thereupon, which ditch drains the premises occupied by the defendant as aforesaid; that all acts of defendant performed upon the premises occupied by the plaintiffs were done in pursuance of his rights derived from said Conrad Gaul under said easement; and defendant was fully authorized by said Conrad Gaul to so enter upon said premises, and clear out and repair said ditch, pursuant to said easement."

Argued before HARDIN, P. J., and FOLLETT, ADAMS, McLENNAN, and SPRING, JJ.

Charles Newton, for appellant.
Fayette Kelly, for respondents.

HARDIN, P. J.   At the close of the plaintiffs' evidence the court was asked to dismiss the complaint on the grounds, among others, that the evidence shows that this ditch has been in existence for more than 20 years, and that these people have entered on it and cleaned it out during that time; that it has been used as a drain for their land, and they are entitled to go there by virtue of adverse possession for more than 20 years; that the defendant was in the act of repairing the ditch, within his perfectly legal rights, at the time this occurred. The motion was denied, and an exception was taken.   Evidence was given by the defendant tending to show that nothing more was done on the occasion complained of "than was necessary for the proper cleaning out of the ditch." The ditch begins on the land occupied by the defendant, and turns towards the plaintiffs' farm, and the ditch has been there 25 years or more, and during that period it had been cleaned out from time to time, as it got filled up, by the defendant, or his father, or such persons as were occupying the farm now occupied by the defendant; and no objection was made thereto until the occasion of the controversy arising in September, 1897.   When the ditch closes up, it sets the water back onto the farm occupied by the defendant. The defendant sought to show that what he did towards cleaning out the ditch was authorized by his father, the owner of the farm. · That was objected to, and, we think, improperly excluded. At the close of the evidence the defendant's counsel asked the court to direct a verdict for the defendant of no cause of action, on the ground that it appears from the uncontradicted evidence that this ditch had existed there for more than 20 years, that these people have cleaned it out at different times when it needed it, and no facts have been shown to rebut the presumption of adverse user. The motion was denied, and the defendant took an exception.

The defendant's counsel asked the court to charge the jury:

"That if they find from the evidence that this ditch has existed in its present location for a period of more than twenty years, and that it has been used openly, notoriously, and uninterruptedly, to the knowledge of the owners of this land, * * * for more than twenty years, and has drained Mr. Gaul's land, that Mr. Gaul has acquired an easement thereto, and a right to drain

through that ditch, and to enter upon and clean the ditch when the ditch needs cleaning."

The court refused the request, and the defendant took an exception. We think the request was a reasonable one, and presented a question which ought to have been submitted to the jury, and that the exception presents an error. Subsequent requests were presented, which were yielded by the judge, which are apparently inconsistent with his refusal of the one which we have quoted; and the record shows the jury retired to deliberate on their verdict, and returned into court evidently in an uncertain and confused state of mind, possibly induced by the apparent inconsistencies of the judge in the course of his refusal and subsequent yielding to some requests which appear in the case; and the foreman of the jury said, "We want to find out whether he had any right in the ditch or not." In response to that question the court said: "The court virtually, upon denying the motion for a nonsuit, held that by law they had no right to go upon the man's premises, and it is simply a question for you to decide as to the amount of damages." Thereupon the counsel for the defendant made a request to the court to charge, among other things, that, if the jury "find that the ditch, twenty years ago, was originally as deep as it is to-day, that the defendant had a right to enter upon it, and clean it out." In response to that the court observed: "There is no proof in the case as to the original depth of this ditch. It is simply a question for you to decide upon the damages." Thereupon the counsel for the defendant asked the court "to instruct the jury that, in case they believed from the evidence that at the time of this interview the defendant threw his plow out, he was not liable for trespass, and a verdict of no cause of action should be rendered." The court refused to so charge, and the defendant took an exception. We think the learned trial judge ought to have submitted the question to the jury as to whether there had been an open, notorious, and continued occupation or user of the ditch, adversely and under claim of right, for more than 20 years; and that, if such user had occurred, that the defendant and his grantor had an easement in the premises, and were entitled to continue to enjoy it by reasonably removing obstructions from the ditch.

In Ward v. Warren, 82 N. Y. 265, it was held:

"Where the user has been, for the requisite time, open, notorious, visible, uninterrupted, undisputed, and under claim of right adverse to such owner, he is charged with notice, and his acquiescence is implied. The law presumes a grant from him, and such presumption is conclusive."

In Nicholls v. Wentworth, 100 N. Y. 455, 3 N. E. 482, it was held:

"The owner of one tenement may acquire an easement over the premises of another by an open, notorious, and continuous user, for more than twenty years, under a claim of right adverse to the owner, and with his knowledge and acquiescence."

The cases to which reference has been made were referred to in Bushey v. Santiff, 86 Hun, 385, 33 N. Y. Supp. 473, and it was there said, in the opinion delivered, viz.:

"Where, however, the user, for the requisite time, has been open, notorious, visible, uninterrupted, undisturbed, and under claim of right adverse to such owner, he is charged with notice, and his acquiescence is implied."

In that case the question of whether there was a prescriptive right was submitted to the jury. In this case there was evidence, we think, sufficient to have justified the court in submitting the question whether there was an easement or not to the jury. The case in hand differs from White v. Sheldon, 35 Hun, 193, as in that case the evidence was such as to justify a finding that user was a mere privilege enjoyed by leave of the owner of the servient tenement, and not adverse in its nature. No such evidence was given in the case now before us. The doctrine of the principal cases to which we have referred was reasserted in Treadwell v. Inslee, 120 N. Y. 465, 24 N. E. 651. In that case, however, the drain was not visible or apparent to an owner of property, and it was said that the adverse user did not begin to run until it was brought to the notice of the defendant's testator in 1875, and therefore it was apparent that at the time of the commencement of the action the user had not ripened into a title. That case, therefore, differs from the one in hand.

The learned judge, in effect, told the jury that the only question before them was one of damages. In that respect, we think, he was in error, and that there should be a new trial.

Judgment and order reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.