(33 Misc. Rep. 644.)

## STUYVESANT v. EARLY.

(Supreme Court, Special Term, New York County. January, 1901.)

1. EASEMENTS—DRAINS—IMPLIED GRANTS.

Where the owner of three houses drained by a common drain conveyed one to plaintiff and the others to defendant, neither the conveyance to plaintiff nor those by which defendant acquired title stating anything concerning rights of drainage, plaintiff was entitled to an injunction pendente lite restraining the owner of the other houses from severing the drain, he being entitled to the drainage by an implied grant.

2. SAME—INJUNCTION—CHANGE OF SYSTEM.

Where the owner of several dwellings drained by a common drain conveyed one to plaintiff, and the grantee of the other threatened to sever the drain, there was no merit in a contention by defendant that the granting of an injunction restraining the severance would continue a violation of the law in that at the time it would be unlawful to construct such a system of drainage as that in use.

Suit by A. V. H. Stuyvesant against Mary A. Early. Motion for an injunction pendente lite to restrain defendant from severing a drain. Motion granted. Affirmed on appeal. See 68 N. Y. Supp. 752.

Lord, Day & Lord (Henry De F. Baldwin, of counsel), for plaintiff. William H. Stockwell, for defendant.

BLANCHARD, J. The defendant, the owner of premises No. 582 Seventh avenue, in the borough of Manhattan, city of New York, threatens to sever a common sewer drain for premises Nos. 586, 584, and 582 Seventh avenue. The plaintiff, the owner of No. 586, now seeks the aid of this court for the purpose of preventing such threatened action, and asks that an injunction pendente lite issue restraining defendant from cutting off the sewer connection. It appears that this drain pipe is the only method of drainage for the three houses in question; that from April 18, 1871, to April 18, 1874, the three houses were owned by Charles K. Covert, who, on April 18, 1874, conveyed No. 586 to the plaintiff herein, who has continuously used the said drain from that time to the present time. Subsequent to the conveyance of No. 586, Covert conveyed the other two houses, No. 582 coming by mesne conveyances to the defendant. It further appears that the nature of the drainage is apparent from an inspection of premises No. 586, but not of No. 582, for defendant asserts his ignorance of the existing conditions, and is supported by the affidavits of others who have occupied the premises. It does appear, however, that the method of drainage is apparent to a plumber. Nothing was stated concerning the existence of any right of drainage in either the conveyance to plaintiff or defendant, or in any of the intermediate conveyances through which defendant's title

is derived. I am of the opinion that the right to drain through premises No. 584 and 582 existing in premises No. 586 at the time of the conveyance thereof by Covert to the plaintiff, has not been lost. Lampman v. Milks, 21 N. Y. 505, 507; Parsons v. Johnson, 68 N. Y. 62, 66; Hamel v. Griffith, 49 How. Prac. 305. In Lampman v. Milks it was held that an easement could be created by implied grant, but this doctrine has been confined to a user that is both continuous and apparent. In Parsons v. Johnson it was held that the right of drainage was continuous, and in Hamel v. Griffith that such a right of drainage as exists in this case was apparent. The case of Butterworth v. Crawford, 46 N. Y. 349, cited by defendant, is not in conflict with the views here expressed, for the reasons stated by Judge Daly in Hamel v. Griffith. The other case cited by defendant, upon which reliance is placed to support her contention (Treadwell v. Inslee, 120 N. Y. 458, 24 N. E. 651), is authority for the proposition that the user of an underground sewer drain is not sufficiently public and notorious to ripen into a right to maintain such a drain by adverse possession after use for 20 years, and that such an easement cannot be created by implied reservation. It is not authority for the proposition that such an easement cannot be created by implied grant. This distinction is pointed out in the case of Paine v. Chandler, 134 N. Y. 385, 32 N. E. 18, 19 L. R. A. 99. There is no force in the point made by defendant that the granting of the injunction continues a violation of the law, because, while it may be true that it would be unlawful to now construct houses with the system of drainage in use in this case, it does not follow that such system of drainage, lawful when adopted,—and there is no proof to the contrary here,—is made unlawful by the change of systems adopted for the construction of houses. The motion must be granted, with $10 costs.

Motion granted, with $10 costs.