AUGUSTUS V. H. STUYVESANT, Respondent, *v.* MARY A. EARLY, Appellant.

*Easement of drainage — right of the first grantee from the common owner of three houses to maintain a drain under the other two as against subsequent grantees thereof — building regulations — action of the board of health.*

Where an owner of three adjoining houses conveys one of them, the drain appurtenant to which extends under the other two houses, the purchaser acquires an easement to continue the drain as against subsequent grantees of the houses under which it is located.

*Semble*, that no easement would be implied if the houses under which the drain was located had been conveyed prior to the house to which the drain was appurtenant.

The right to maintain the drain is not affected by a regulation of the building department of the city in which the premises are located, requiring that the plumbing and drainage system of a building must be entirely separate and independent of that of any other building, where it does not appear that the location of the drain was illegal when the buildings were erected, or that its continuance was illegal, nor is such right affected by the fact that the board of health of the city notified the grantee of one of the houses under which the drain runs, that her premises had become unfit for human habitation because of defects in such drain.

APPEAL by the defendant, Mary A. Early, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 29th day of January, 1901, enjoining the defendant, during the pendency of the action, from disturbing a sewer drain running over and across. her premises.

*William H. Stockwell,* for the appellant.

*Henry De Forest Baldwin,* for the respondent.

INGRAHAM, J.:

This action was brought to enjoin the defendant from cutting off, disturbing or interfering with a drain which extended from the plaintiff's premises, No. 586 Seventh avenue, under the houses No. 584 and No. 582 Seventh avenue, the defendant being the owner of No. 582 Seventh avenue. It seems that one Charles K. Covert was prior to the year 1874 the owner of these three houses Nos. 582, 584 and 586 Seventh avenue — 582 is at the northwest corner of Forty-first street and Seventh avenue; 584 adjoins the same on the north, and 586 adjoins 584 on the north. Covert, being the owner of the three houses, by a deed dated April 18, 1874, and recorded April 21, 1874, conveyed to the plaintiff in fee the house No. 586 Seventh avenue, and since that time the plaintiff has remained the owner and in possession thereof. At the time of the said conveyance, and at all times subsequent thereto, there was a drain extending from the premises owned by the plaintiff through the premises on the south to Forty-first street. Such drain conveyed the sewerage from the plaintiff's residence to the public sewer in Forty-first street, and during all the period named has continued to drain the plaintiff's premises. Covert conveyed the premises owned by the defendant by deed dated December 16, 1875, and recorded February 28, 1876. It does not appear by whom these buildings were constructed, but at the time the premises were conveyed to the plaintiff this drain existed.

The defendant to defeat this application relies on the fact that she purchased these premises without knowledge of the existence of this drain, and that as soon as she discovered it she notified the plaintiff that at the expiration of thirty days she would cut off the drain and prevent its future use. There is no evidence as to when

Covert conveyed the premises between the plaintiff's and the defendant's houses. It further appeared that in February, 1900, the defendant was notified by the department of health that her premises were in an unsanitary condition by reason of the dampness of the cellar arising from a leakage in the drain or sewer. In September, 1900, a further notice that the premises had become dangerous to life and unfit for human habitation because of defects in the drainage thereof, and because of the existence of a nuisance on the premises which was likely to cause sickness among the occupants, was served, and it was ordered that the said premises be vacated on or before September 25, 1900, and that upon receipt of this notice the defendant notified the plaintiff that she intended to cut off this drain. There was also an affidavit by Carroll, a plumber, which stated that this drain is located under the cellar floor of the defendant's premises at a depth of five or six inches and could not be discovered, except by making an excavation of the cellar; that this drain had become obstructed, and that it is impossible to maintain it in a sanitary condition or to keep it unobstructed for any length of time as the amount of drainage is too great to be carried through the present drain without frequent obstruction and leakage. The defendant also calls attention to the Building Code of New York and the rules and regulations of the department of buildings, which require that the plumbing and the drainage system must be entirely separate and independent of that of any other building; and it appears that there is a sewer in Seventh avenue, opposite the plaintiff's premises, to which a connection from said premises can be made.

The question presented is whether the plaintiff acquired an easement by the purchase of his premises, when at the time of the conveyance to him there was a visible arrangement by which the plaintiff's sewerage was discharged through a drain under the adjacent property, then owned by the grantor, to the sewer in Forty-first street. That this drain and its connection were a visible appurtenance to the plaintiff's property is not disputed. The plaintiff's grantor must be chargeable with knowledge of the actual condition at the time of the conveyance to plaintiff and that when he conveyed one of the houses to the plaintiff he knew that he conveyed a house with this drain as an actual and visible appurtenance to it. That thereby the plaintiff acquired an easement to continue this drain as constructed at the

time of the conveyance to the plaintiff by an implied grant, seems to me to be a settled rule of the common law, which so far as I am aware has never been questioned in this State. The principle upon which this grant is implied is stated in the leading case of *Lampman* v. *Milks* (21 N. Y. 505). It is there stated that "where the owner of two tenements sells one of them, or the owner of an entire estate sells a portion, the purchaser takes the tenement, or portion sold, with all the benefits and burdens which appear, at the time of the sale, to belong to it, as between it and the property which the vendor retains. This is one of the recognized modes by which an easement or servitude is created. No easement exists so long as there is a unity of ownership, because the owner of the whole may, at any time, rearrange the qualities of the several parts. But the moment a severance occurs, by the sale of a part, the right of the owner to redistribute the properties of the respective portions ceases; and easements or servitudes are created, corresponding to the benefits and burdens mutually existing at the time of the sale." Instances may be multiplied in which this principle has been applied, but in no case that I am aware of has the principle itself been questioned. All of the cases cited by counsel for the appellant, as *Butterworth* v. *Crawford* (46 N. Y. 349); *Treadwell* v. *Inslee* (120 id. 458) and *Munsion* v. *Reid* (46 Hun, 399), were cases in which the premises upon which the easement was sought to be imposed were conveyed by the owner prior to the conveyance of the premises for whose benefit an easement was sought to be implied. If the owner of these three houses had conveyed the house now belonging to the defendant first, and after that had conveyed the plaintiff's house, the cases relied on by the defendant would apply and no easement would be implied. It is the right acquired by the grantee of the property first conveyed that is here under consideration, and that conveyance as against the grantor, applying the principle before stated, implied the grant of a right to continue this drain, and those who subsequently acquired the grantor's right to the remaining premises took it subject to this implied grant to use the drain as constructed and in use at the time of the grant to the plaintiff. It is quite clear that the day after the plaintiff's grantor had executed and delivered the deed to the plaintiff he could not have cut off this sewer and deprived the plaintiff

of this right of drainage which by implication he had granted, and the plaintiff's grantor could not, by a subsequent conveyance of the premises that he retained, convey greater right to destroy this easement than he had after the conveyance to the plaintiff.

We think, therefore, that by this conveyance of No. 586 Seventh avenue there was an implied grant of an easement to which the remaining portions of the grantor's premises were subject, and by which the plaintiff acquired the right to maintain this drain connecting his house with the sewer in Forty-first street.

Nor do I think the rules of the building department or the action of the board of health destroyed this right. No question is made upon this appeal as to the obligation of the plaintiff to keep this drain in repair, so that it shall comply with the requirements of the health authorities. The affidavit of the plumber submitted on behalf of the defendant is only to the effect that the present drain cannot be kept tight in consequence of the amount of drainage passing through it. Nor is the right of the owner of the house adjoining the defendant's house to use this drain for the benefit of his premises before us. The requirements of the building department seem to apply only to buildings erected after the passage of the act, and there is no evidence to show that when these buildings were erected there were any provisions of law which made such a construction illegal, nor is there any provision of law that makes a continuation of such a construction illegal.

Our conclusion, therefore, is that appurtenant to the plaintiff's premises is an easement arising by the implication of a grant to which the defendant's premises are subject, and it follows that the defendant had no right to interfere with the proper and legal exercise of this easement.

The order appealed from should, therefore, be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., RUMSEY, O'BRIEN and MCLAUGHLIN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.