Feasgis X. Coxloít, J.
Plaintiffs seek a judgment declaring that defendants had no right to construct a wall on, or to change the grade of a strip of land owned by defendants Fisher. In addition they seek a mandatory decree directing the removal of the wall and the grading.
Admittedly, there is no express provision in any deed conferring any easement upon plaintiffs or their predecessors in title over any part of defendants’ property. Plaintiffs claim that such an easement is to be implied from the fact that both parcels of land at one time belonged to a common owner and from the alleged fact that the use of the strip of land belonging to defendants is necessary to the proper enjoyment of plaintiffs’ building. The court finds, however, that the use of defendants’ strip of land is not necessary to the enjoyment of plaintiffs’ property but is, at most, a convenience. Nor is any easement of light and air over defendants’ strip of land to be implied (Pica v. Cross County Constr. Corp., 259 App. Div. 128, 131). Furthermore, the common owner parted with the property now owned by defendants Fisher, prior to the time she divested herself of the property now owned by plaintiffs. The general rule is that “ When there has once been a severance of the unity of title by a conveyance of a portion of a tenement, the grantee of the residue can take nothing by implication except what may have been reserved by the grantor.” (28 C. J. S., Easements, § 31, pp. 688-689.) This rule has been followed in this State (Root v. Conkling, 199 App. Div. 90; Stuyvesant v. Early, 58 App. Div. 242, 245). Implications of easements apply only over land still retained by the common grantor, and do not extend over property no longer belonging to the common grantor at the time he conveys the parcel claimed to possess the easement. (See 3 Tiffany on Real Property [3d ed.], § 779.)
Nor do plaintiffs make out an easement by prescription. There has been no adverse and exclusive user by plaintiffs and their predecessors in title for a period of 15 years. Whatever user there was was not adverse or exclusive. Furthermore, plaintiffs *660 own their property less than 11 years and the deed to them does not purport to transfer any rights of their grantor over the strip of land in question (cf. Rogoff v. Neal Vanderbilt Sons Corp., 263 App. Div. 841).
Judgment is directed in favor of defendants declaring that plaintiffs possess no easement over the strip of land here involved and have no right to have the wall removed or the grading undone. The foregoing represents the decision of the court.
Submit judgment on two days ’ notice.