Mario Pittoni, J.
This is an application for a temporary injunction to compel the defendant to remove a certain obstruction on its property pending the trial of the action.
Plaintiff owns and resides in a house on a parcel of land in Great Neck where she has lived since 1941. In August, 1957, she sold the westerly portion of this parcel to the defendant who has since constructed a house on it. A storm sewer runs along the rear of both these parcels and continues on to the west, which is the direction of the natural flow of water in the sewer, at such times as there is any water in it. The presence of the sewer was manifest at the time of the sale to defendant by reason of the existence of two manhole covers on the west parcel. Defendant’s president, Louis Bright, inspected them and found them barren, dry holes, with a large accumulation of dust in the bottom and on the sides.
In December, 1957, Bright found a large pool of water on the defendant’s property caused by a blockage of the sewer to the west of him. He met this situation by filling the manhole oh his property and this caused the flooding of plaintiff’s cellar.
The cases cited on her behalf, e.g., Seifert v. City of Brooklyn (101 N. Y. 136), obstruction of a sewer in a public street; *287 McCormick v. Horan (81 N. Y. 86), blocking of a natural water course; Jutte v. Hughes (67 N. Y. 267), improper repair of a privy on defendant’s land which overflowed plaintiff’s land, etc., are all cases dealing with the violation of well-recognized substantive legal rights. What legal right has plaintiff to have a storm sewer drain under defendant’s land? She sold the parcel to him without the reservation of any expressed easement and none is implied by law. Such an easement would be implied by law against the plaintiff as grantor, had she sold off the dominant estate, Goldstein v. Hunter (357 N. Y. 401); but where she sells off the servient estate none is implied in her favor, Treadwell v. Inslee (120 N. Y. 458). That opinion states (p. 463): “ The earliest conveyance by Williams of any of the property affected by the drain in question was of defendant’s lot to Davidson in 1845. That conveyance contained no reservation of the use of any drain for the benefit of the lots lying west of it, and it cut off all such right from any lots subsequently conveyed by Williams.” (Emphasis supplied.)
In that case the drainage was across defendant’s lot, and he was the first grantee in point of time. Thus the case is a holding against the notion that an easement can be implied in favor of a grantor.
In our present case, of course, a prescriptive right is out of the question as to defendant’s lot, irrespective of how long the storm sewer may have existed, since it could only start to run at the time of the recent conveyance.
The plaintiff’s motion is denied.
Settle order on notice.