■ WEINSTEIN ENTERPRISES, INC., et al., Respondents, v JACK PESSO et al., Defendants, and DAVID NUSSBAUM et al., Appellants. [647 NYS2d 260] —In an action, *inter alia,* to recover dam-

ages for the defendants' allegedly wrongful possession of portions of the plaintiffs' property, the defendants David Nussbaum and Robin Nussbaum appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Brucia, J.), dated June 19, 1995, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them and for a judgment declaring that they are the rightful owners of the disputed property by adverse possession.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants are owners of parcels of real property which abut a golf course, owned by the plaintiff Weinstein Enterprises, Inc., and leased to the plaintiff Middle Bay Golfers Association, Inc. In February 1994 the plaintiffs commenced this action against the defendants seeking, *inter alia*, money damages and a judgment directing the defendants to vacate the disputed portion of the plaintiffs' property and permanently enjoining the defendants from encroaching thereon.

The defendants David and Robin Nussbaum (hereinafter the Nussbaums) joined issue and alleged that they purchased their property in 1982, at which time there was a fence in the backyard indicating the boundary line between their property and the plaintiff's property.

The Supreme Court denied the Nussbaums' motion for summary judgment and the plaintiffs' cross motion for summary judgment on the ground that a question of fact existed as to whether the Nussbaums' possession of the disputed property was open and notorious. We affirm.

In order for a party to successfully assert title to property by way of adverse possession, his or her possession of the property must be actual, hostile, under a claim of right, open, notorious, exclusive and continuous for the prescriptive period (*Armour v Marino,* 140 AD2d 752, 753; *see also, Brand v Prince,* 35 NY2d 634; *Belotti v Bickhardt,* 228 NY 296). The element of "open and notorious" requires that the possession be sufficiently visible such that a casual inspection by the owner of the property would reveal the adverse possessor's occupation and use thereof (*see, West v Tilley,* 33 AD2d 228, 230; *Shinnecock Hills & Peconic Bay Realty Co. v Aldrich,* 132 App Div 118, *affd* 200 NY 533). The party asserting title by way of adverse possession must establish the existence of each of these elements by clear and convincing evidence (*see, Van Valkenburgh v Lutz,* 304 NY 95; *Rusoff v Engel,* 89 AD2d 587; *Gerwitz v Gelsomin,* 69 AD2d 992).

At bar, in opposition to the Nussbaums' motion for summary judgment, the plaintiffs submitted deposition testimony which indicated that the Nussbaums' fence is located over 40 feet from the manicured edges of the golf club. The 40 or more feet between the manicured edges and the fence is covered by overgrown vegetation and a creek which made the area inaccessible. The testimony also indicated that the Nussbaums' fence is not visible from the golf club. Under these circumstances, the plaintiffs proffered sufficient facts to raise a question of fact as to whether the Nussbaums' possession of the disputed property was under a claim of right and open and notorious. Rosenblatt, J. P., Santucci, Joy and Hart, JJ., concur.