■ LILLIE M. PRIESTER, Respondent, v CITY OF NEW YORK, Appellant. [715 NYS2d 419] —In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Jones, J.), entered August 18, 1999, which, upon a jury verdict on the issue of liability finding the defendant 70% at fault in the happening of the accident and the plaintiff 30% at fault, and upon a jury verdict on the issue of damages awarding the plaintiff damages in the sum of $660,000 ($263,000 for past pain and suffering, $143,000 for past medical expenses, $10,000 for lost earnings, $123,000 for future pain and suffering, and $121,000 for future medical expenses), and upon an order of the same court granting that branch of the defendant's motion which was to reduce the award for past medical expenses from the sum of $143,000 to the sum of $39,680, is in favor of the plaintiff and against it in the principal sum of $389,676 (70% of $556,680).

Ordered that the judgment is modified, on the facts and as a matter of discretion, by deleting the provision thereof awarding the plaintiff damages for future medical expenses and substituting therefor a provision granting a new trial on that issue; as so modified, the judgment is affirmed, with costs to the defendant, unless within 30 days after service upon the plaintiff of a copy of this decision and order with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for future medical expenses from the sum of $121,000 to the sum of $75,000, and to the entry of an amended judgment accordingly; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

The plaintiff slipped and fell on an ice-covered sidewalk near her home. The plaintiff offered evidence from two eyewitnesses,

and an expert, demonstrating that the portion of the sidewalk on which the plaintiff fell had been covered with ice from snow storms that occurred more than three weeks before the accident. Thus, the jury could rationally have found that the defendant had an adequate opportunity to remedy the dangerous condition, but failed to do so within a reasonable time (*see, Bernstein v City of New York,* 69 NY2d 1020; *Chapman v City of New York,* 268 AD2d 498; *Maldonado v New York City Tr. Auth.,* 261 AD2d 515; *Candelier v City of New York,* 129 AD2d 145).

The verdict as to damages for future medical expenses deviated materially from what would be reasonable compensation (*see,* CPLR 5501 [c]).

The defendant's remaining contentions are without merit. O'Brien, J. P., McGinity, Luciano and Schmidt, JJ., concur.