■ Thomas Gannon, Respondent, v All Car Movers, Ltd., et al., Defendants, and Abbey Island Park, Inc., Appellant. [795 NYS2d 742]—

In an action to recover damages for personal injuries, the defendant Abbey Island Park, Inc., appeals from an interlocutory judgment of the Supreme Court, Nassau County (Warshawsky, J.), dated January 8, 2004, which, upon a jury verdict, and upon the denial of its motion made at the close of the plaintiff's case pursuant to CPLR 4401 to dismiss the complaint insofar as asserted against it, is in favor of the plaintiff and against it on the issue of liability.

Ordered that the interlocutory judgment is affirmed, with costs.

The plaintiff was injured when he slipped and fell on an ice patch that accumulated on a step leading into a building (hereinafter the premises) owned by the defendant Abbey Island Park, Inc. (hereinafter the lessor), and leased to the defendant Apex Transportation Corp. (hereinafter the lessee), which subleased part of the premises to the defendant All Car Movers, Ltd. On appeal, the lessor contends that the jury verdict against it should be reversed because it was not based on sufficient evidence to show that it either maintained control of the premises or had notice of the patch of ice. We disagree.

For a court to conclude that a jury verdict is not supported by legally sufficient evidence, there must be no valid line of reason-

ing and permissible inferences which could possibly lead rational people to the conclusions reached by the jury on the basis of the evidence presented at trial (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Nicastro v Park*, 113 AD2d 129, 132 [1985]).

In this case, the jury could rationally conclude that the lessor retained control over the premises because the lessor did not submit any documentary evidence to show that it turned over maintenance duties to the lessee (*see McClenan v Brancato Iron & Fence Works*, 282 AD2d 722 [2001]). Furthermore, the lessor had its maintenance workers mow the grass on the premises, which indicated an assumption of responsibility to maintain the premises (*Winby v Kustas*, 7 AD3d 615, 615 [2004]; *Sanford v Woodner Co.*, 304 AD2d 813 [2003]).

Additionally, the jury could rationally conclude that the lessor possessed notice of the ice patch because the accident occurred six days after a snowstorm (*see Bergen v Carlin*, 297 AD2d 692, 693 [2002]; *Cashwell v City of New York*, 281 AD2d 444 [2001]). Contrary to the lessor's contention, the fact that .2 inches of precipitation fell the day before the accident does not render the jury's verdict speculative as to the origin of the ice patch (*see Bernstein v City of New York*, 69 NY2d 1020, 1021 [1987]). Since the plaintiff testified that the ice patch was approximately one inch thick, a rational jury could have found that it was formed by the larger snowfall from six days prior to the accident (*see Priester v City of New York*, 276 AD2d 766 [2000]). Florio, J.P., Santucci, Mastro and Spolzino, JJ., concur.