■ IRVING ESKENAZI et al., Appellants, v CLIFFORD SLOAT et al., Respondents. (And a Third-Party Action.) [834 NYS2d 330]—

In an action, inter alia, for a judgment declaring that the plaintiffs have a prescriptive easement over a portion of the defendants' property, the plaintiffs appeal, as limited by their brief, from (1) stated portions of a judgment of the Supreme Court, Westchester County (LaCava, J.), entered October 20, 2005, and (2) so much of an amended judgment of the same court entered March 3, 2006, as, upon a jury verdict in favor of the defendants and against them, and upon the denial of their motion to set aside the jury verdict, in effect, declared that they do not have a prescriptive easement over the disputed property.

Ordered that the appeal from the judgment entered October 20, 2005 is dismissed, as that judgment was superseded by the amended judgment entered March 3, 2006; and it is further,

Ordered that the amended judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

A party claiming an easement by prescription must prove an "adverse, open and notorious, continuous and uninterrupted [use]" of another's land for the prescriptive period of 10 years (*Di Leo v Pecksto Holding Corp.*, 304 NY 505, 511-512 [1952]; *see Duckworth v Ning Fun Chiu*, 33 AD3d 583, 583 [2006]; *Morales v Riley*, 28 AD3d 623, 623 [2006]; *J.C. Tarr, Q.P.R.T. v Delsener*, 19 AD3d 548, 550 [2005]). "The element of 'open and notorious' requires that the [use] be sufficiently visible such that a casual inspection by the owner of the property would reveal the adverse . . . use thereof" (*Weinstein Enters. v Pesso*, 231 AD2d 516, 517 [1996]; *see Treadwell v Inslee*, 120 NY 458, 465 [1890]; *Ward v Warren*, 82 NY 265, 268 [1880]; *Panzica v Galasso*, 285 App Div 859, 860 [1955], *affd* 309 NY 978 [1956]). "Generally, where an easement has been shown by clear and convincing evidence to be open, notorious, continuous, and undisputed, it is presumed that the use was hostile, and the burden shifts to the opponent of the allegedly prescriptive ease-

ment to show that the use was permissive" (*J.C. Tarr, Q.P.R.T. v Delsener, supra* at 550; *see Frumkin v Chemtop*, 251 AD2d 449, 449 [1998]; *Hryckowian v Pulaski*, 249 AD2d 511, 512 [1998]).

Here, there is a "valid line of reasoning and permissible inferences" which could lead a rational jury to conclude, as did the jury here, that the plaintiffs failed to establish that their use of the disputed property manifested a sufficient degree of openness and notoriety to give rise to a prescriptive easement (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *see Gannon v All Car Movers, Ltd.*, 18 AD3d 702, 702-703 [2005]; *Nicastro v Park*, 113 AD2d 129, 132 [1985]). Moreover, we cannot say, upon the exercise of our factual review power, that the evidence so preponderated in favor of the plaintiffs that the verdict could not have been reached on any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]). Accordingly, the Supreme Court properly denied the plaintiffs' motion to set aside the jury's verdict. Spolzino, J.P., Krausman, Skelos and Dickerson, JJ., concur.