■ SPIROS MANOUSELIS et al., Appellants, v WOODWORTH RE-ALTY, LLC, et al., Respondents. [920 NYS2d 683]—

In an action for a judgment declaring that the plaintiffs have a prescriptive easement over a portion of the defendants' property, the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Lefkowitz, J.), dated May 25, 2010, which, upon a jury verdict on the issue of liability in favor of the defendants and against them, declared that they do not have a prescriptive easement over the defendants' property.

Ordered that the judgment is affirmed, with costs.

"An easement by prescription is demonstrated by proof of the adverse, open and notorious, continuous and uninterrupted [use of the property] for the prescriptive period. Generally, where an easement has been shown by clear and convincing evidence to be open, notorious, continuous, and undisputed, it is presumed that the use was hostile, and the burden shifts to the opponent of the allegedly prescriptive easement to show that the use was permissive" (J.C. Tarr, Q.P.R.T. v Delsener, 19 AD3d 548, 550 [2005] [citations and internal quotation marks omitted]; see Eskenazi v Sloat, 40 AD3d 577, 578 [2007]; Duckworth v Ning Fun Chiu, 33 AD3d 583, 584 [2006]; Frumkin v Chemtop, 251 AD2d 449 [1998]).

Here, there is a "valid line of reasoning and permissible inferences" which could lead a rational jury to conclude, as did the jury here, that the plaintiffs failed to establish that they have a prescriptive easement over the defendants' property (Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]; see Eskenazi v Sloat, 40 AD3d at 578; Gannon v All Car Movers, Ltd., 18 AD3d 702, 702-703 [2005]). In this case, the public's use of the subject property rendered the presumption of hostility inapplicable (see Burcon Props. v Dalto, 155 AD2d 501 [1989]; Susquehanna Realty Corp. v Barth, 108 AD2d 909 [1985]). Moreover, we cannot say, upon the exercise of our factual review power, that the evidence so preponderated in favor of the plaintiffs that the verdict could not have been reached on any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]). Covello, J.P., Eng, Hall and Roman, JJ., concur.