OLD TOWN TREE FARM, INC., Respondent, v LONG ISLAND POWER AUTHORITY et al., Appellants. [955 NYS2d 170]—

A party claiming entitlement to an easement by prescription must demonstrate the adverse, open and notorious, and continuous use of the subject property for the prescriptive period (*see Vitiello v Merwin*, 87 AD3d 632, 633 [2011]; *Manouselis v Woodworth Realty, LLC*, 83 AD3d 801 [2011]). "Absolute necessity in fact is the standard for a finding of an easement by necessity" (*Michalski v Decker*, 16 AD3d 469, 470 [2005]; *see Town of Pound Ridge v Golenbock*, 264 AD2d 773, 774 [1999]; *Van Schaack v Torsoe*, 161 AD2d 701, 703 [1990]; *McQuinn v Tantalo*, 41 AD2d 575 [1973]).

Here, the defendants failed to make a prima facie showing of entitlement to judgment as a matter of law by conclusively negating any one of the elements of an easement by prescription which, if proven at trial, would warrant the recognition of an easement by prescription (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Manouselis v Woodworth Realty, LLC*, 83 AD3d 801 [2011]; *Mee Wah Chan v Y & Dev. Corp.*, 82 AD3d 942, 943 [2011]; *Bova v Vinciguerra*, 184 AD2d 934, 934-

935 [1992]; *cf. Charlebois v Lobe-A Prop. Owners*, 193 AD2d 916, 917 [1993]). The defendants also failed to make a prima facie showing of entitlement to judgment as a matter of law by conclusively negating any one of the elements of an easement by necessity which, if proven at trial, would warrant the recognition of such an easement (*cf. Almeida v Wells*, 74 AD3d 1256, 1259 [2010]; *Astwood v Bachinsky*, 186 AD2d 949, 950 [1992]).

Since the defendants failed to meet their prima facie burden, it is unnecessary to consider whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853; *Starkey v Curry*, 94 AD3d 866, 867 [2012]).

The parties' remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. Florio, J.P., Dickerson, Sgroi and Miller, JJ., concur.