135 W. Broadway LLC v 137 W. Broadway Owners Corp. (2020 NY Slip Op 02119)





135 W. Broadway LLC v 137 W. Broadway Owners Corp.


2020 NY Slip Op 02119


Decided on March 26, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2020

Friedman, J.P., Manzanet-Daniels, Gesmer, González, JJ.


11316N 152353/19

[*1]135 West Broadway LLC, et al., Plaintiffs-Appellants,
v
137 West Broadway Owners Corp., Defendant-Respondent.


Law Office of Allison M. Furman, P.C., New York (Allison M. Furman of counsel), for appellants.
Santamarina & Associates, New York (Gil Santamarina of counsel), for respondent.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered July 27, 2019, which denied plaintiffs' motion for a preliminary injunction enjoining defendant from interfering with their use of a shaftway on its property, and granted defendant's cross motion for a preliminary injunction requiring plaintiffs to immediately vacate and remove all their equipment, materials, and other property from defendant's property, unanimously reversed, on the law and the facts, without costs, the motion granted, and the cross motion denied.
Plaintiffs made a prima facie showing that their use of the shaftway between the exterior of their building and defendant's adjacent building may satisfy the requirements for establishing adverse possession (see Walling v Przybylo, 7 NY3d 228, 232 [2006]) and/or a prescriptive easement (see Amalgamated Dwellings, Inc. v Hillman Hous. Corp., 33 AD3d 364 [1st Dept 2006]). Issues of fact exist, inter alia, as to the open and notorious element (see Weinstein Enters. v Pesso, 231 AD2d 516, 517 [2d Dept 1996]).
In our view, the court should not have granted a preliminary injunction in defendant's favor, awarding defendant the ultimate relief it seeks without a trial on the merits of plaintiffs' adverse possession claim (see e.g. Spectrum Stamford, LLC v 400 Atl. Tit., LLC, 162 AD3d 615, 617 [1st Dept 2018]). It is apparent that an expedited trial is warranted.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 26, 2020
CLERK