■ MARY THEOFILATOS, Appellant, v PROXETHEA KOLECI, Respondent. — Appeal from an order of the County Court of Albany County (Clyne, J.), entered December 14, 1983, which affirmed the judgment of the City Court of the City of Albany in favor of defendant.

Plaintiff and defendant are homeowners on adjacent lots in the City of Albany. Plaintiff commenced this action for damages alleging that the deterioration of a retaining wall, which is located on defendant's property and separates the two lots, caused water to collect on plaintiff's property and eventually damaged her basement as the water seeped into it. Plaintiff asserted causes of action in nuisance (RPAPL 841) and trespass (RPAPL 871), and defendant counterclaimed for damages alleging nuisance and negligence. After the close of testimony in Albany City Court, the Trial Judge, rather than sending the case to the jury, dismissed all causes of action and counterclaims and, invoking equitable powers, directed that the wall be replaced with plaintiff and defendant each bearing one half the cost of replacement. County Court affirmed the judgment and plaintiff appealed. After a careful review of the record, we affirm.

We find no fault with the Trial Judge's decision not to submit the case to the jury for the record reveals that plaintiff failed to present sufficient evidence to make out a prima facie case of nuisance or of trespass as alleged. One is liable for private nuisance "if his conduct is a legal cause of the invasion of the interest in the private use and enjoyment of land and such invasion is (1) intentional and unreasonable, (2) negligent or reckless, or (3) actionable under the rules governing liability for abnormally dangerous conditions or activities" (*Copart Inds. v Consolidated Edison Co.,* 41 NY2d 564, 569). In this case, plaintiff alleged only negligence and there was simply no showing of negligence on defendant's part.[*]

---

[*] We decline to consider the possibility of a nuisance resulting from defendant's intentional conduct because the record reveals that the Trial Judge denied a motion by plaintiff to amend her pleadings to include an

Furthermore, there was no evidence that defendant intended the wall or water to enter over or onto plaintiff's property and, accordingly, a prima facie case of trespass was not presented (see, e.g., 61 NY Jur, Trespass, § 5, pp 8-10). We are further persuaded in this regard by the settled principle in New York that a property owner may improve his property, "come what may of the surface water, provided that the improvements are made in good faith to fit the property for some rational use to which it is adapted, and that the water is not drained into the other's property by artificial means, such as pipes or ditches" (63 NY Jur [rev ed], Waters and Watercourses, § 219, p 398). There was no showing in this case that defendant acted in bad faith in constructing the wall and it appears that the wall was designed to support a driveway on defendant's property, certainly a rational use. Accordingly, the Trial Judge did not err in failing to submit plaintiff's case to the jury.

We also cannot fault the Trial Judge's resolution of the case. In their complaint and counterclaims, the parties sought damages and any further relief, including equitable, as the court deemed just. Having determined that defendant bore no legal responsibility in nuisance or trespass, the Trial Judge, invoking equitable powers, fashioned a remedy that benefits both parties, who must pay equally for the improvement. In the situation presented by this case, the Trial Judge's remedy is well suited to the dispute and is fair, just and equitable. Accordingly, it should be affirmed (see, e.g., 20 NY Jur [rev ed], Equity, § 30, pp 44-47).

Order affirmed, with costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.

allegation of such intentional conduct and, on this appeal, plaintiff does not raise the propriety of this ruling as an issue.