■ HILMAR KUSMIERZ et al., Respondents, v ROBERT BAAN, Appellant, and WALLACE H. MAHAN, JR., et al., Intervenors-Appellants.—Mikoll, J. Appeal from an order of the Supreme Court (Connor, J.), entered October 23, 1987 in Ulster County, which denied a motion by defendant and intervenors for summary judgment dismissing the complaint.

Plaintiffs own and reside upon property contiguous to the property owned by intervenors Wallace H. Mahan, Jr., and Mary Lou Mahan, which they lease to defendant, Robert Baan. Between plaintiffs' and the Mahans' property is a 50-foot right-of-way owned by intervenor Frank Troncillito upon which there runs a drainage pipe.

Plaintiffs commenced this action against Baan claiming, *inter alia,* that he intentionally damaged the drainage pipe, causing water to enter upon and damage plaintiff's property for which they sought monetary damages and injunctive relief. In his verified answer, Baan denied substantially all of plaintiffs' allegations and set forth counterclaims based upon plaintiff Hilmar Kusmierz's alleged entrance upon the leased premises to remove dirt and soil blocking the drainage pipe, which allegedly caused water to collect upon and damage the

leased premises. A similar answer with counterclaims was served on behalf of the Mahans and Troncillito. Plaintiffs, in a reply, denied substantially all of the allegations of the counterclaims and asserted an additional claim against Troncillito based on his alleged dumping of dirt in front of plaintiffs' driveway, which Troncillito denied.

Baan, the Mahans and Troncillito (hereinafter collectively referred to as defendants) then moved for summary judgment dismissing the claims against Baan and Troncillito and granting their counterclaims against Hilmar Kusmierz. Supreme Court ruled that the motion papers raised material questions of fact and denied the motion. This appeal by defendants followed.

Review of plaintiffs' papers reveals that they rest their right to recovery upon two legal theories: (1) they acquired a prescriptive right to use of the drainage pipe because the pipe was allegedly installed by Troncillito and remained in existence for over 30 years, and (2) since Baan acted in bad faith in destroying the pipe, his diversion of the surface waters onto their property was wrongful. It is not clear whether plaintiffs base their prescriptive easement claim upon such an easement or on an easement by implication. However, under either theory, issues of fact exist which preclude the granting of summary judgment.

A prescriptive easement "arises by the adverse, open, notorious and continuous use of another's land for the prescriptive period" *(Susquehanna Realty Corp. v Barth,* 108 AD2d 909; *see, Borruso v Morreale,* 129 AD2d 604). Once it has been shown that the use is open, notorious, uninterrupted and undisputed, a presumption arises that it is adverse and under claim of right and the burden is on the owner of the servient tenement to show that the use was by license *(see, Borruso v Morreale, supra,* at 605; *Miller v Bettucci,* 89 AD2d 706). There is nothing in the record which sheds light on the circumstances leading to the initial construction of the drainage pipe. It is even unclear whether the pipe was actually installed by the Mahans or by Troncillito. Therefore, there is insufficient evidence to determine the true nature of plaintiffs' use.

Three elements must be established to find an easement by implication: "(1) unity and subsequent separation of title, (2) the claimed easement must have, prior to separation, been so long continued and obvious or manifest as to show that it was meant to be permanent, and (3) the use must be necessary to the beneficial enjoyment of the land retained" *(Abbott v*

*Herring,* 97 AD2d 870, *affd* 62 NY2d 1028). Here, plaintiffs and Troncillito appear to satisfy the first element. However, there is no proof relating to the use of the drainage pipe prior to the transfer of title to them or to its necessity for the enjoyment of plaintiffs' property. Thus a question of fact also exists as to whether plaintiffs acquired an easement by implication. As factual issues exist whether plaintiffs acquired an easement at all, and since plaintiffs' claims against Baan depend on interference with those rights by Baan, Supreme Court properly denied summary judgment dismissing plaintiffs' claims against Baan.

The other theory of recovery upon which plaintiffs proceed against Baan is that his destruction of the drainage pipe interfered with the natural diffusion of surface water over plaintiffs' property, an independent basis of tort liability *(see, Musumeci v State of New York,* 43 AD2d 288, 291, *lv denied* 34 NY2d 516, 517). However, it is not claimed that Baan erected the drainage pipe for the purpose of discharging surface water upon plaintiffs' property, only that he filed in an existing drainage pipe. He did not drain surface water onto plaintiffs' property by means of pipes or ditches and, thus, the theory of interference with the diffusion of surface water is inapplicable on these facts *(see, Buffalo Sewer Auth. v Town of Cheektowaga,* 20 NY2d 47, 51; *Theofilatos v Koleci,* 105 AD2d 514, 515).

The counterclaims against Hilmar Kusmierz derive from his act of clearing the drainage pipe which caused water to flow onto and damage defendants' properties. Defendants' argument, that Kusmierz's act interfered with the diffusion of surface waters, rests on an inapplicable theory of recovery since Kusmierz did not erect the drainage pipe in the first place. Moreover, if plaintiffs prevail on their causes of action for a prescriptive easement or easement by implication, the counterclaims will be rendered academic. There also exist questions of fact as to whether defendants have actionable claims against Kusmierz for trespass. Accordingly, Supreme Court properly denied summary judgment in favor of defendants on their counterclaims.

Supreme Court erred, however, in denying summary judgment dismissing plaintiffs' additional claim against Troncillito which was based on Troncillito's dumping of dirt in front of plaintiffs' driveway. It appears that this claim is for either intentional or negligent infliction of emotional distress. The gravamen of this cause of action may be said to be conduct which " 'is especially calculated to cause, and does cause,

mental distress of a very serious kind' " *(Green v Leibowitz,* 118 AD2d 756, 757, quoting Prosser and Keeton, Torts § 12, at 60 [5th ed]). Here, plaintiffs concede that the dirt was dumped on property belonging to Troncillito, not them. Troncillito claims that plaintiffs still had access to their driveway and that they, in fact, drove around the dirt pile. Troncillito also asserts that he dumped the dirt late at night and spread it to fill pot holes the next day. It appears, therefore, that Troncillito's conduct was not egregious enough to sustain a cause of action for either intentional or negligent infliction of emotional stress.

Order modified, on the law, without costs, by reversing so much thereof as denied the motion for summary judgment dismissing plaintiffs' cause of action against intervenor Frank Troncillito; motion granted to that extent and plaintiffs' cause of action against said intervenor dismissed; and, as so modified, affirmed. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.