■ 2239 HYLAN BOULEVARD CORP. et al., Respondents, v SALVATORE SACCHERI et al., Appellants.—In an action, *inter alia*, for a permanent injunction barring the defendants from interfering with the construction of a fence upon property owned by the plaintiffs, in which the defendants counterclaimed for judgment declaring that they had an easement over the plaintiffs' property, the defendants appeal from an order of the Supreme Court, Richmond County (Amann, J.), dated July 27, 1990, which, after a nonjury trial, enjoined the defendants from trespassing upon the plaintiffs' property or interfering with the construction of a fence thereon, dismissed the defendants' counterclaim, and found that no easement existed.

Ordered that the order is affirmed, with costs.

The plaintiffs own two contiguous properties, located at 2239 and 2241 Hylan Boulevard in Staten Island. A 13-foot driveway lies between these two properties. The defendants own property to both the left and the right of the plaintiffs' properties at 2249 Hylan Boulevard, and at 2233 and 2231 Hylan Boulevard. The defendants also own 287 Greeley Avenue, which is a lot lying behind the plaintiffs' properties.

For over 15 years the defendants have used the driveway for access to 287 Greeley Avenue. The plaintiffs' president, Jack Feiwus, contends that in the early 1970's, when he was a tenant of the 2239 Hylan Boulevard, he gave the defendants permission to use the driveway as long as they kept it clean and in good repair. Through the years the plaintiffs and defendants have enjoyed a friendly neighborly relationship, patronizing each other's businesses. Indeed, relations were so friendly that in the mid 1970's, the defendants gave Feiwus permission to put a business sign on their property.

The relationship soured sometime in 1979 or 1980 when the defendants consistently left the driveway filled with rubbish and debris. On several occasions Feiwus told the defendants that they could no longer use the driveway if they were not going to keep it clean, but no action was taken by the defendants. In March 1986 the plaintiffs' attorney sent the defendants a letter requesting that they stop using the driveway; still, no action was taken by the defendants, who continued to use the driveway.

Sometime later, in 1986 or 1987, Feiwus began erecting a fence which cut off the defendants' access to the rear of their 287 Greeley Avenue property. The defendants blocked the construction and then allegedly tore down the fence. The plaintiffs then brought this action to enjoin the defendants from trespassing on their property and from interfering with the construction of the fence. The defendants counterclaimed for a declaratory judgment that they have an easement over the plaintiffs' driveway. The trial court found that the defendants had not established the existence of an easement in their favor and granted the plaintiffs an injunction. We affirm.

An easement by prescription requires proof of the adverse, open, notorious, and continuous use of another's land for the prescriptive period (see, Di Leo v Pecksto Holding Corp., 304 NY 505; Borruso v Morreale, 129 AD2d 604). Generally, an open, notorious, uninterrupted, and undisputed use of a right of way is presumed to be adverse and hostile and shifts the burden to the owner of the servient estate to prove the use

was permissive *(see, Di Leo v Pecksto Holding Corp., supra; Borruso v Morreale, supra)*.

The record adequately supports the trial court's finding that the use was permissive. Jack Feiwus, the plaintiffs' president, testified that he gave the defendants permission to use the driveway. The court found the defendant Salvatore Saccheri's testimony, that the use was hostile and adverse, was belied by the other evidence showing that the parties cooperated in keeping the driveway in repair and that the defendants allowed Feiwus to put a sign on their property evidencing an apparent *quid pro quo;* where a relationship of cooperation and neighborly accommodation is shown, such relation gives rise to the inference of permissive use of the right of way *(see, Boumis v Caetano,* 140 AD2d 401; *Hassinger v Kline,* 91 AD2d 988). Feiwus's testimony strengthens that inference. Accordingly, the trial court properly found there was no easement by prescription.

We have considered the defendants' remaining contentions and find them to be without merit. Rosenblatt, J. P., Lawrence, Eiber and Copertino, JJ., concur.