■ ARNOLD G. VAN DEUSEN et al., Appellants, v JAMES H. McMANUS et al., Respondents. [608 NYS2d 569] —White, J. Appeal from an order of the Supreme Court (Connor, J.), entered June 14, 1993 in Greene County, which denied plaintiffs' motion for a preliminary injunction.

In July 1958, plaintiff Arnold G. Van Deusen, together with

his two brothers, purchased a 50-acre landlocked parcel of land located in the Town of Cairo, Greene County. Access to the parcel was gained over a meandering private roadway running from the public highway and traversing the lands of defendants James H. McManus, Mildred McManus, Vincent J. Pacifico, Nicholas Passero, Mirella M. Teodoru and Michael N. Teodoru. Sometime in 1990, the predecessor in title of Pacifico and Passero, defendant Alpine Mountain Construction, Inc., obstructed the roadway by placing a large berm of earth across it. Van Deusen and his family (the remaining plaintiffs) then gained access by using another entrance to the roadway, but in 1992 all entrances to the roadway were blocked by locked gates. Plaintiffs then commenced this action seeking, *inter alia,* a permanent injunction enjoining defendants from interfering with their right-of-way and, concomitantly, moved for a preliminary injunction. Supreme Court's denial of the motion gave rise to this appeal.

A preliminary injunction is appropriate where a movant demonstrates a likelihood of success on the merits, irreparable injury if the injunction is not granted and a balancing of the equities in his or her favor *(see, New York State Thruway Auth. v Dufel,* 129 AD2d 44, 46). Inasmuch as it does not appear that the claimed easement insofar as it traverses the McManuses' property was created by grant, express or implied, if plaintiffs are to succeed on the merits it will be incumbent upon them to show that the easement was created by prescription. This requires a showing by clear and convincing evidence that their use of the roadway on the property at issue was for the benefit of their property and was adverse, open and notorious, continuous and uninterrupted for the prescriptive period *(see, Bova v Vinciguerra,* 184 AD2d 934; *Brocco v Mileo,* 170 AD2d 732, *lv denied* 78 NY2d 853). On this point, plaintiffs' proof was that they used the roadway for approximately 33 years to reach a hunting cabin on their property which, over the years, they had substantially improved and rebuilt. Although this proof is limited, it indicates that plaintiffs will likely be able to establish that their use of the roadway was open and notorious, continuous and uninterrupted for the requisite period of time, thereby giving rise to the presumption that the use was hostile *(see, Bova v Vinciguerra, supra; Beutler v Maynard,* 80 AD2d 982, *affd* 56 NY2d 538).

James McManus (hereinafter McManus), a lifelong resident of the area, sought to rebut this presumption, through an affidavit with proof that plaintiffs' use of the roadway was by

license. He averred that years ago access to plaintiffs' land was over a different roadway that was steep. Accordingly, his grandfather, as a neighborly accommodation, gave permission to plaintiffs' predecessor in title to use the present roadway. McManus maintains that this license never evolved into an easement because he has consistently closed off the roadway for at least one day per year.

Considering that the neighborly relationship between the McManuses and plaintiffs' predecessor in title gives rise to the inference of permissive use *(see, 2239 Hylan Blvd. Corp. v Saccheri,* 188 AD2d 524) and the fact that, where permission can be implied from the beginning, no adverse use may arise until there is an assertion of a hostile right which is made known to the property owner *(see, Shandaken Refm. Church v Leone,* 87 AD2d 950, *lv denied* 57 NY2d 602), McManus' proof makes plaintiffs' ultimate success on the merits uncertain, at least insofar as this record is concerned. Moreover, as we were advised at oral argument that the trial of this action is imminent, plaintiffs will not be irreparably harmed if a preliminary injunction is not issued. Therefore, for these reasons, we affirm Supreme Court's order.

Mikoll, J. P., Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.