■ RICHARD L. ROGERS et al., Respondents, v DENNIS HOLMES et al., Appellants. [629 NYS2d 791] —In an action pursuant to RPAPL articles 15 and 20 for a judgment declaring that the plaintiffs have a prescriptive easement over property owned by the defendants, the defendants appeal from an order of the Supreme Court, Rockland County (Miller, J.), dated May 18, 1994, which granted the plaintiffs' motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The plaintiffs assert an easement by prescription over a driveway on the property of the defendant Aurelia Holmes, which Mrs. Holmes and her late husband built adjacent to a driveway on the plaintiffs' property. The plaintiffs failed to establish their entitlement to summary judgment *(see, Jacobs v Lewicki,* 12 AD2d 625, *affd* 10 NY2d 778; *Kopp v Niemetz,* 11 AD2d 739). There is an issue of fact as to whether any apparently adverse use by the plaintiffs' predecessors in interest was permissive in character *(see, Van Deusen v McManus,* 202 AD2d 731; *2239 Hylan Blvd. Corp. v Saccheri,* 188 AD2d 524; *Boumis v Caetano,* 140 AD2d 401; *Susquehanna Realty Corp. v Barth,* 108 AD2d 909; *Hassinger v Kline,* 91 AD2d 988).

The fact that the defendant Aurelia Holmes and the plaintiffs' predecessors in interest shared the cost of repairs of the driveway can give rise to differing inferences, depending upon circumstances *(see, 2239 Hylan Blvd. Corp. v Saccheri, supra; Cannon v Sikora,* 142 AD2d 662), which were not developed in this record.

We note that the applicability of CPLR 4519 to certain evidence in the record need not be determined at this juncture *(see, Phillips v Kantor & Co.,* 31 NY2d 307; *McEvoy v Garcia,* 114 AD2d 401; *Tancredi v Mannino,* 75 AD2d 579).

In light of the conflicting evidence in the record as to the nature of the plaintiffs' use of the driveway, neither the plaintiffs nor the defendants are entitled to summary judgment. Miller, J. P., Altman, Goldstein and Florio, JJ., concur.