■ MICHAEL S. TORRE et al., Appellants, v LAWRENCE MEADE et al., Defendants, and BAY CREST ASSOCIATION, Respondent. [641 NYS2d 42] —In an action, *inter alia,* for a permanent injunction to preclude the defendant Bay Crest Association from artificially channeling and draining surface water onto the plaintiffs' properties, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (Doyle, J.), entered April 3, 1995, which is in favor of the defendant Bay Crest Association and against them dismissing the complaint.

Ordered that the order and judgment is affirmed, with costs.

Contrary to the plaintiffs' contention, an easement for drainage of surface water may be acquired by prescription (*see, Village of Schoharie v Coons,* 34 AD2d 701, 702, *affd* 28 NY2d 568, 569; *Kusmierz v Baan,* 144 AD2d 829, 830). In the instant case, the respondent's use of a culvert to drain water onto the plaintiffs' property commenced before 1949, and was continuous, adverse, open, and notorious (*see, Van Deusen v McManus,* 202 AD2d 731, 732; *2239 Hylan Blvd. Corp. v Saccheri,* 188 AD2d 524, 525; *Mandia v King Lbr. & Plywood Co.,* 179 AD2d 150, 156). There is no merit to the plaintiffs' contention that the presence of a swale on their property to collect the drainage from the respondent's culvert indicated that its use was permissive. The swale was constructed by the plaintiffs' predecessor in title, some 25 years after the land was initially used to collect drainage. Thus, by the time the swale was constructed, the easement by prescription had ripened (*see, Village of Schoharie v Coons, supra; Reiss v Maynard,* 148 AD2d 996; *Borruso v Morreale,* 129 AD2d 604).

The plaintiffs' remaining contentions are without merit. Rosenblatt, J. P., O'Brien, Ritter and Goldstein, JJ., concur.