■ RICHARD L. THURY et al., Appellants, v BRITANNIA ACQUISITION CORP., Doing Business as BRITANNIA YACHT AND RACQUET CLUB, Respondent. [797 NYS2d 132]—

In an action, inter alia, for a judgment declaring that the plaintiffs have a prescriptive easement over the defendant's property, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Dunn, J.), dated December 30, 2003, which determined, in effect, that the proposals offered by the defendant were fair and equitable means of restoring the plaintiffs' use and enjoyment of their prescriptive easement to its functional equivalent.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the proposals offered by the defendant were a fair and equitable means of restoring the plaintiffs' use and enjoyment of their prescriptive easement to its functional equivalent.

In the case of a prescriptive easement, "[t]he right acquired by prescription is commensurate with the right enjoyed. The extent of the enjoyment measures the extent of the right" (*Prentice v Geiger*, 74 NY 341, 347 [1878]; *see Mandia v King Lbr. & Plywood Co.*, 179 AD2d 150, 157 [1992]). As determined, in effect, by the Supreme Court, the defendant's proposals were a fair and equitable means of restoring the plaintiffs' prescriptive rights. The express dimensional limitations on the size of the water craft that these proposals advance comport with the plaintiffs' prior use of the easement for docking and tying small boats and sailing dinghies.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring the rights of the parties consistent herewith (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Adams, J.P., Krausman, Rivera and Fisher, JJ., concur.