■ WILLIAM A. ZUTT et al., Respondents, v STATE OF NEW YORK, Appellant. [856 NYS2d 245]—

In a claim to recover damages for trespass and nuisance, in which the defendant asserted as a defense that it had a prescriptive easement over a stated portion of the claimants' property, the defendant appeals from a judgment of the Court of Claims (Scuccimarra, J.), dated April 16, 2007 which, upon a decision of the same court dated July 27, 2006, made after a nonjury trial on the issue of liability, and an order of the same court dated March 20, 2007, inter alia, approving a stipulation on the issue of damages, is in favor of the claimants and against it in the total sum of $3,000.

Ordered that the judgment is affirmed, with costs.

An easement for drainage of surface water may be acquired by prescription, under a claim of right, by means of the use of a ditch for that purpose on the subject property for the requisite period (*see Village of Schoharie v Coons,* 34 AD2d 701, 702 [1970], *affd* 28 NY2d 568, 569 [1971]; *Kusmierz v Baan,* 144 AD2d 829, 830 [1988]; *Town of Hamburg v Gervasi,* 269 App Div 393 [1945]). However, in order for such use of another's property to ripen into an easement by prescription, the party asserting the easement must make a showing, by "clear and convincing evidence" (*Greenhill v Stillwell,* 306 AD2d 434, 435 [2003]), that the use of the ditch was adverse, open and notorious, and continuous for the prescriptive period (*see Vinciguerra v State of New York,* 262 AD2d 743, 745 [1999]; *Torre v Meade,* 226 AD2d 447, 447-448 [1996]; *Van Deusen v McManus,* 202 AD2d 731, 732 [1994]; *2239 Hylan Blvd. Corp. v Saccheri,* 188 AD2d 524, 525 [1992]). In the case of a prescriptive easement, the right acquired is measured by the extent of the use (*see J.C. Tarr, Q.P.R.T. v Delsener,* 19 AD3d 548, 551 [2005]; *Mandia v King Lbr. & Plywood Co.,* 179 AD2d 150, 157 [1992]). Applying these principles, the defendant could acquire an easement only equal in width to that portion of the subject property actually used during the prescriptive period. Since the defendant failed to show what portion of the claimants' land was actually used during the prescriptive period, it failed to establish its entitlement to a prescriptive easement by clear and convincing evi-

dence (*see Greenhill v Stillwell*, 306 AD2d at 435). Mastro, J.P., Ritter, Carni and Eng, JJ., concur. [*See* 2006 NY Slip Op 52611(U).]