MEE WAH CHAN et al., Appellants, v Y & DEVELOPMENT CORP. et al., Respondents. [919 NYS2d 74]—

To establish an easement by prescription, the plaintiffs are required to show by clear and convincing evidence that the use was adverse, open and notorious, continuous, and uninterrupted for the prescriptive period (*see Zutt v State of New York*, 50 AD3d 1133 [2008]; *Duckworth v Ning Fun Chiu*, 33 AD3d 583 [2006]; *J.C. Tarr, Q.P.R.T. v Delsener*, 19 AD3d 548 [2005]). The right acquired is measured by the extent of the use (*see Zutt v State of New York*, 50 AD3d at 1133) which, in this case, is alleged to be the plaintiffs' use, since 1996, of a roughly three-foot-wide strip of land owned by the defendant Y & Development Corp. (hereinafter Y & D) in order to gain access to the side door of their house.

The defendants failed to make a prima facie showing of entitlement to judgment as a matter of law by conclusively negating any one of the elements of an easement by prescription which, if proven by the plaintiffs at trial, would warrant the recognition an easement by prescription (*see Gravelle v Dunster*, 2 AD3d 964 [2003]). Contrary to the Supreme Court's determination, the plaintiffs' failure to allege or establish that they either "usually cultivated or improved" the disputed property or "protected [it] by a substantial inclosure" is not a basis upon which to award summary judgment to the defendants, since those are requirements relevant only to a claim of adverse possession, and not to the existence of an easement by prescription (RPAPL 522 [former (1), (2)]; *cf.* RPAPL 522 [1], [2], as amended by L 2008, ch 269; *see Di Leo v Pecksto Holding Corp.*, 304 NY 505, 511 [1952]; *City of Tonawanda v Ellicott Cr. Homeowners Assn.*, 86 AD2d 118, 123 [1982]). Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment, in effect, declaring that the plaintiffs do not have an easement by prescription over the subject real property.

However, we do not agree with the plaintiffs' argument that

they are entitled to an award of summary judgment based on a search of the record (CPLR 3212 [b]). The plaintiffs' own submissions include averments to the effect that their alleged maintenance of "the entire alleyway," including the three-foot strip owned by Y & D, was carried out "without the . . . knowledge of" the predecessors in title to Y & D. Under these circumstances, it cannot be said, as a matter of law, that the plaintiffs' use of the disputed land was open and notorious (*see e.g. Weinstein Enters. v Pesso*, 231 AD2d 516 [1996]; *Carr v Town of Fleming*, 122 AD2d 540 [1986]). Therefore, it cannot be established, at this point, that the plaintiffs' use of the property was without the permission of Y & D's predecessor in title, as opposed to the natural byproduct of a "neighborly accommodation" (*Duckworth v Ning Fun Chiu*, 33 AD3d at 584). Where the record suggests a long period of peaceful coexistence between residential neighbors whose houses were only six feet apart, "the question of implied permission is one for the factfinder to resolve" (*Barra v Norfolk S. Ry. Co.*, 75 AD3d 821, 824 [2010]). Angiolillo, J.P., Florio, Belen and Austin, JJ., concur.