■ JOSEPHINE VITIELLO et al., Appellants-Respondents, v CAROLYN MERWIN et al., Respondents-Appellants. [928 NYS2d 581]—

Upon review of a determination rendered after a nonjury trial, this Court's authority "is as broad as that of the trial court," and this Court may "render the judgment it finds warranted by the facts, taking into account in a close case the fact

that the trial judge had the advantage of seeing the witnesses" (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983] [internal quotation marks omitted]; *see Walsh v Ellis*, 64 AD3d 702, 704 [2009]; *Krol v Eckman*, 256 AD2d 945, 946-947 [1998]).

The plaintiffs demonstrated that they possessed an easement by prescription over the defendants' land for use as an access road to their own property. "An easement by prescription is generally demonstrated by proof of the adverse, open and notorious, continuous, and uninterrupted use of the subject property for the prescriptive period" (*Almeida v Wells*, 74 AD3d 1256, 1259 [2010]; *see 315 Main St. Poughkeepsie, LLC v WA, 319 Main, LLC*, 62 AD3d 690, 691 [2009]; *Frumkin v Chemtop*, 251 AD2d 449 [1998]). The elements of a prescriptive easement must be established by clear and convincing evidence (*see Air Stream Corp. v 3300 Lawson Corp.*, 84 AD3d 987 [2011]; *Mandia v King Lbr. & Plywood Co.*, 179 AD2d 150, 156 [1992]), and " '[t]he right acquired by prescription is commensurate with the right enjoyed' " (*Thury v Britannia Acquisition Corp.*, 19 AD3d 586, 587 [2005], quoting *Prentice v Geiger*, 74 NY 341, 347 [1878]; *see Zutt v State of New York*, 50 AD3d 1133 [2008]).

The plaintiffs established that their adverse use of the subject road, tacked on to the use of the road by their predecessors in title, was open and notorious, continuous, and uninterrupted for the requisite statutory period. While the evidence demonstrated that the plaintiffs made some improvements to the subject area and increased the frequency of its use as an access road to a dwelling, the nature of the use was consistent with that made by their immediate predecessors and satisfied the prescriptive period. However, the record further establishes, as the trial court found, that the plaintiffs impermissibly expanded the dimensions of the easement beyond the 10-foot width that existed in 2001 and erected a gate and a fence on the defendants' property. Therefore, the plaintiffs must remove the gate and the fence, and they must further restore the area beyond the 10-foot width of the easement to its original condition. We have modified the judgment accordingly.

The defendants' contention that the Supreme Court improvidently exercised its discretion in denying their request for leave to apply for an award of fees and expenses they incurred in defending against the plaintiffs' fourth cause of action is without merit. Mastro, J.P., Chambers, Austin and Cohen, JJ., concur.