■ GARDEN HOMES MOBILE HOME PARK COMPANY LIMITED PARTNERSHIP, Respondent, v DAHYABHAI PATEL et al., Appellants, et al., Defendant. [954 NYS2d 165]—

In an action for a judgment declaring that the plaintiff has a prescriptive easement, the defendants Dahyabhai Patel and Chandrika Patel appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Sproat, J.), dated July 23, 2010, as granted that branch of the plaintiff's

motion which was for summary judgment declaring that the plaintiff has a prescriptive easement allowing it to maintain pipes over their property for the discharge of effluent from the plaintiff's sand filtration system.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment declaring that the plaintiff has a prescriptive easement allowing it to maintain pipes over the property of the defendants Dahyabhai Patel and Chandrika Patel for the discharge of effluent from the plaintiff's sand filtration system is denied.

A party claiming entitlement to an easement by prescription must demonstrate the adverse, open and notorious, and continuous use of the subject property for the prescriptive period (*see Vitiello v Merwin,* 87 AD3d 632, 633 [2011]; *Manouselis v Woodworth Realty, LLC,* 83 AD3d 801 [2011]), which is 10 years (*see 315 Main St. Poughkeepsie, LLC v WA 319 Main, LLC,* 62 AD3d 690, 691 [2009]). " '[T]he right acquired by prescription is commensurate with the right enjoyed' " (*Thury v Britannia Acquisition Corp.,* 19 AD3d 586, 587 [2005], quoting *Prentice v Geiger,* 74 NY 341, 347 [1878]; *see Vitiello v Merwin,* 87 AD3d at 633; *Zutt v State of New York,* 50 AD3d at 1133).

Here, the plaintiff could only acquire a prescriptive easement for the discharge of effluent which was equal to what was actually used during the prescriptive period. Although the plaintiff submitted evidence which established the adverse, open and notorious, and continuous use of the appellants' land for the discharge of effluent during the prescriptive period, those submissions reveal the existence of triable issues of fact as to the extent of the actual use, and whether the actual use was enlarged within the prescriptive period. Since the plaintiff failed to establish the extent of the actual use during the prescriptive period, it failed to establish its entitlement to judgment as a matter of law (*see Zutt v State of New York,* 50 AD3d at 1133). Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment regardless of the sufficiency of the appellants' opposing papers (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]).

The appellants' remaining contentions are without merit, and we decline the appellants' invitation to search the record and to grant summary judgment in their favor. Rivera, J.P., Chambers, Hall and Roman, JJ., concur.