■ Todd Courtney et al., Appellants-Respondents, v 18th & 8th LLC et al., Respondents-Appellants. [43 NYS3d 24]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered November 19, 2015, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the third and fourth causes of action, and denied the motion as to the first and second causes of action, and denied plaintiffs' motion for summary judgment and leave to amend the complaint to add a defendant, unanimously modified, on the law, to grant defendants' motion for summary judgment dismissing the first and second causes of action, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint.

The motion court correctly dismissed the third and fourth causes of action pursuant to the doctrine of law of the case. In a prior order from which plaintiffs did not appeal, the court denied their motion for leave to amend the complaint to add those causes of action.

As to the first and second causes of action, defendants established prima facie that plaintiffs had no right to run a sewer pipe from 304 West 18th Street LLC's property to the main sewer line through defendant 18th & 8th LLC's property and that they, defendants, had a right to abate the resulting nuisance by self-help. Plaintiffs failed to raise an issue of fact in opposition. There is no documentary record of the existence of the sewer pipe on 18th & 8th LLC's property and therefore no indication that plaintiffs had been granted an express easement in the property. Nor did plaintiffs acquire an easement by prescription, since the sewer pipe was underground, and therefore the use of 18th and 8th LLC's property was not open and notorious (*see Mee Wah Chan v Y & Dev. Corp.*, 82 AD3d 942 [2d Dept 2011]). Indeed, neither plaintiffs nor defendants had any knowledge of the sewer pipe until 18th & 8th LLC's property was excavated, and the pipe was found to be the source of sewage flowing onto the property.

In the face of plaintiffs' failure to abate the condition of sew-

age flowing onto 18th & 8th LLC's property, despite defendants' repeated requests, a Department of Environmental Protection inspection describing the condition as "creat[ing] a nuisance and health hazard," and the Department of Health and Mental Hygiene's issuance of a violation and assessment of a fine, defendants were entitled, after nearly two months, to take measures themselves to abate the trespass and nuisance (*see generally Turner v Coppola*, 102 Misc 2d 1043, 1046-1047 [Sup Ct, Nassau County 1980], *affd* 78 AD2d 781 [2d Dept 1980]). Concur—Richter, J.P., Manzanet-Daniels, Feinman, Kapnick and Gesmer, JJ.