In an action to recover damages for trespass and for injunc-tive relief (Action No. 1), and a related action for a declaratory judgment (Action No. 2), which were joined for trial, Dahyabhai Patel and Chandrika Patel appeal from a judgment of the Supreme Court, Dutchess County (Sproat, J.), dated March 12, 2015, which, after a nonjury trial, is in favor of the defendants in Action No. 1 and against them dismissing the complaint in Action No. 1, and in favor of the plaintiff in Action No. 2 and against them declaring that the plaintiff in Action No. 2 has a prescriptive easement over certain real property.
 

 Ordered that the judgment is reversed, on the law, with costs, the complaint in Action No. 1 is reinstated, Dahyabhai Patel and Chandrika Patel are awarded judgment on the issue of liability in Action No. 1, and the matter is remitted to the Supreme Court, Dutchess County, for a trial on the issue of damages and injunctive relief in Action No. 1, and for the entry thereafter of an appropriate amended judgment, inter alia, declaring that the plaintiff in Action No. 2 does not have a prescriptive easement over the subject real property.
 

 Dahyabhai Patel and Chandrika Patel (hereinafter together the Patels) own a parcel of property in Rhinebeck, and Garden Homes Mobile Home Park Company Limited Partnership (hereinafter Garden Homes) owns a neighboring parcel of property. In 2007, the Patels commenced an action (hereinafter Action No. 1) to recover damages for trespass and for injunctive relief against, among others, Garden Homes Management Corp., the general partner of Garden Homes, alleging that components of Garden Homes’ sewage treatment system were encroaching onto their property, and that Garden Homes was improperly discharging effluent and storm water onto their property. In 2009, Garden Homes commenced an action (hereinafter Action No. 2) for a judgment declaring that it had a prescriptive easement to use a portion of the Patels’ property. The actions were joined for trial, and after a joint nonjury trial, the Supreme Court entered a judgment in favor of the defendants in Action No. 1 and against the Patels dismissing the complaint in Action No. 1, and in favor of Garden Homes and against the Patels declaring that Garden Homes has a prescriptive easement over the Patels’ property. The Patels appeal.
 

 “On an appeal from a judgment after a nonjury trial, this Court’s power to review the evidence is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, giving due regard to the trial court which had the advantage of assessing the credibility of the witnesses” (Parry v Murphy, 79 AD3d 713, 714-715 [2010]; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]).
 

 “ ‘The essence of trespass is the invasion of a person’s interest in the exclusive possession of land’ ” (Kaplan v Incorporated Vil. of Lynbrook, 12 AD3d 410, 412 [2004], quoting Zimmerman v Carmack, 292 AD2d 601, 602 [2002]). “Accordingly, an ‘action for trespass over the lands of one property owner may not be maintained where the purported trespasser has acquired an easement of way over the land in question’ ” (Kaplan v Incorporated Vil. of Lynbrook, 12 AD3d at 412, quoting Krosky v Hatgipetros, 150 AD2d 344, 345 [1989]).
 

 An easement by prescription may be demonstrated by clear and convincing proof of the adverse, open and notorious, continuous, and uninterrupted use of the subject property for the prescriptive period (see Vitiello v Merwin, 87 AD3d 632 [2011]; Zutt v State of New York, 50 AD3d 1133 [2008]; Duckworth v Ning Fun Chiu, 33 AD3d 583 [2006]), which is 10 years (see 315 Main St. Poughkeepsie, LLC v WA 319 Main, LLC, 62 AD3d 690 [2009]). “ ‘[T]he right acquired by prescription is commensurate with the right enjoyed’ ” (Thury v Britannia Acquisition Corp., 19 AD3d 586, 587 [2005], quoting Prentice v Geiger, 74 NY 341, 347 [1878]; see Garden Homes Mobile Home Park Co. LP v Patel, 100 AD3d 688, 689 [2012]; Vitiello v Merwin, 87 AD3d at 633; Zutt v State of New York, 50 AD3d at 1133).
 

 Here, Garden Homes could acquire a prescriptive easement for the encroachment of components of its sewage treatment system and the drainage of effluent and storm water only equal in area to that portion of the property actually used during the prescriptive period (see Zutt v State of New York, 50 AD3d at 1133). However, the Supreme Court’s determination, made after the nonjury trial, that Garden Homes established by clear and convincing evidence the continuous use of a particular portion of the Patels’ property during the prescriptive period was not warranted by the facts. Accordingly, the court should not have found that Garden Homes had a prescriptive easement over a portion of the Patels’ property (see id. at 1133-1134; see also Garden Homes Mobile Home Park Co. LP v Patel, 100 AD3d at 689; Greenhill v Stillwell, 306 AD2d 434, 435 [2003]). Moreover, as the Patels established a continuing trespass (see Zutt v State of New York, 50 AD3d 1133 [2008]), the complaint in Action No. 1 must be reinstated, the Patels must be awarded judgment against the defendants in Action No. 1 on the issue of liability, and the matter must be remitted to the Supreme Court, Dutchess County, for a continued trial in that action on the issues of damages and injunctive relief, and the entry thereafter of an appropriate amended judgment.
 

 The Patels’ remaining contentions need not be addressed in light of our determination.
 

 Mastro, J.P., Hall, Miller and Brathwaite Nelson, JJ., concur.