Ciringione v Ryan (2018 NY Slip Op 03960)





Ciringione v Ryan


2018 NY Slip Op 03960


Decided on June 6, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-00601
 (Index No. 1386/08)

[*1]Corinne Ciringione, respondent, 
v
John Ryan, et al., appellants.


Craig T. Bumgarner, P.C., Carmel, NY, for appellants.
Robert E. Martinez, PLLC, White Plains, NY, for respondent.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that the plaintiff has a prescriptive easement over property owned by the defendants, the defendants appeal from a judgment of the Supreme Court, Putnam County (Victor G. Grossman, J.), dated December 10, 2015. The judgment, insofar as appealed from, upon a decision after a nonjury trial, in effect, declared that the plaintiff has a prescriptive easement over the subject real property.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The plaintiff owns property located at 88 Woodlawn Road in Mahopac. The defendants own the neighboring property located at 69 Highland View Road. At issue is a driveway that extends from Woodlawn Road into the parties' respective properties. The driveway lies mainly on the defendants' property. In 2008, the plaintiff commenced this action for, among other things, a judgment declaring that she had acquired a prescriptive easement over that portion of the defendants' property that contains the driveway. After a nonjury trial, the Supreme Court entered a judgment, inter alia, in effect, declaring that the plaintiff has a prescriptive easement over the subject property. The defendants appeal from the judgment insofar as it made this declaration.
"To acquire an easement by prescription, it must be shown that the use was hostile, open and notorious, and continuous and uninterrupted for the prescriptive period of 10 years" (Masucci v DeLuca, 97 AD3d 550, 551; see Old Town Tree Farm, Inc. v Long Is. Power Auth., 101 AD3d 692, 692; Garden Homes Mobile Home Park Co. LP v Patel, 100 AD3d 688, 689). "The elements of a prescriptive easement must be established by clear and convincing evidence" (CSC Acquisition-NY, Inc. v 404 County Rd. 39A, Inc., 96 AD3d 986, 987; see Patel v Garden Homes Mgt. Corp., 156 AD3d 807; Vitiello v Merwyn, 87 AD3d 632, 633). "In general, where an easement has been shown by clear and convincing evidence to be open, notorious, continuous, and undisputed, it is presumed that the use was hostile, and the burden shifts to the opponent of the allegedly prescriptive easement to show that the use was permissive" (Carty v Goodwin, 150 AD3d 812, 812; see Colin Realty Co., LLC v Manhasset Pizza, LLC, 137 AD3d 838, 840; Ducasse v D'Alonzo, 100 AD3d 953, 954).
"'On an appeal from a judgment after a nonjury trial, this Court's power to review the evidence is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, giving due regard to the trial court which had the advantage of assessing the credibility of the witnesses'" (Patel v Garden Homes Mgt. Corp., 156 AD3d at 808, quoting Parry v Murphy, 79 AD3d 713, 714-715). "Where the trial court's findings of fact rest in large measure on considerations relating to the credibility of witnesses, deference is owed to the trial court's credibility determinations" (Bennett v Atomic Prods. Corp., 132 AD3d 928, 930; see generally Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499).
Here, the plaintiff established by clear and convincing evidence that her use of the driveway to park her automobiles was open and notorious, continuous, and undisputed for the prescriptive period. Giving the Supreme Court's credibility determinations due deference, we find no basis to disturb the court's determination that the defendants failed to rebut the presumption that the plaintiff's use of the driveway was hostile.
The defendants' remaining contentions are without merit.
SCHEINKMAN, P.J., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court