DiDonato v Dyckman (2018 NY Slip Op 08113)





DiDonato v Dyckman


2018 NY Slip Op 08113


Decided on November 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2015-09664
2016-04720
 (Index No. 656/07)

[*1]Joanne DiDonato, appellant, 
v
Charles Dyckman, et al., respondents.


Steven Habiague, Poughquag, NY, for appellant.
Herodes & Molé, P.C., Mahopac, NY (Anthony R. Molé of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that the plaintiff has a prescriptive easement over certain property owned by the defendants and for injunctive relief, the plaintiff appeals from (1) an order of the Supreme Court, Putnam County (Victor G. Grossman, J.), dated July 30, 2015, and (2) an order of the same court (Paul I. Marx, J.) dated April 7, 2016. The order dated July 30, 2015, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to 22 NYCRR 130-1.1 for an award of costs in the form of an attorney's fee, and denied that branch of the plaintiff's cross motion which was to impose sanctions upon the defendants for spoliation of evidence. The order dated April 7, 2016, denied the plaintiff's motion for summary judgment on the amended complaint, and granted the defendants' cross motion for summary judgment declaring that the plaintiff was not entitled to an expansion of the easement.
ORDERED that the order dated July 30, 2015, is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the order dated April 7, 2016, is modified, on the law, by deleting the provision thereof granting the defendants' cross motion for summary judgment declaring that the plaintiff was not entitled to an expansion of the easement, and substituting therefor a provision denying the defendants' cross motion; as so modified, the order dated April 7, 2016, is affirmed, without costs or disbursements.
The plaintiff and the defendants own abutting lots located in Mahopac. The plaintiff's property benefits from an easement by grant dated April 1, 1964, which is a right-of-way along a private, 12-foot-wide surfaced road located on the defendants' property, for ingress and egress between the plaintiff's property and Highland Road. The plaintiff commenced this action seeking, inter alia, a judgment declaring that she had the exclusive right of ingress and egress over the easement. After the action was commenced, the Supreme Court granted the plaintiff's motion for leave to amend the complaint. However, the plaintiff served an amended complaint that differed in certain respects from the one that had been submitted with her motion for leave to amend, and the defendants moved, inter alia, to dismiss that amended complaint and pursuant to 22 NYCRR 130-1.1 for an award of costs in the form of the attorney's fee incurred in connection with making their motion to dismiss. The plaintiff cross-moved, inter alia, to impose sanctions upon the defendants [*2]for spoliation of evidence. In an order dated July 30, 2015, the court granted the defendants' motion and denied the plaintiff's cross motion. The court deemed the previously approved amended complaint filed and served.
In September 2015, the plaintiff moved for summary judgment on the amended complaint, arguing, in effect, that the language of the express easement should be amended to include certain curves in the right of way that were necessary to permit utility and delivery trucks to access the plaintiff's property. The plaintiff argued that she had obtained a prescriptive easement over the portions of the defendants' property which underlaid the proposed curves. The defendants cross-moved for summary judgment declaring that the plaintiff was not entitled to an expansion of the easement, by prescription or otherwise. In an order dated April 7, 2016, the Supreme Court denied the plaintiff's motion and granted the defendants' cross motion. The plaintiff appeals from both the order dated July 30, 2015, and the order dated April 7, 2016.
"Easements by express grant are construed to give effect to the parties' intent, as manifested by the language of the grant" (Dowd v Ahr, 78 NY2d 469, 473; see Mitkowski v Marceda, 133 AD3d 574, 575). "The extent of an easement claimed under a grant is generally limited by the language of the grant, as a grantor may create an extensive or a limited easement" (Seide v Glickman, 295 AD2d 494, 495). "Where, as here, an easement provides for the ingress and egress of motor vehicles, it is granted in general terms and the extent of its use includes any reasonable use necessary and convenient for the purpose for which it is created'" (Hoffmann v Delbeau, 139 AD3d 803, 804, quoting Havel v Goldman, 95 AD3d 1174, 1175).
"An easement by prescription may be demonstrated by clear and convincing proof of the adverse, open and notorious, continuous, and uninterrupted use of the subject property for the prescriptive period" (Patel v Garden Homes Mgt. Corp., 156 AD3d 807, 809; see Almeida v Wells, 74 AD3d 1256, 1259).
Here, the plaintiff failed to establish, prima facie, that she was entitled to an amendment of the language of the express easement, or that she had a prescriptive easement over a portion of the defendants' property. Accordingly, we agree with the Supreme Court's denial of the plaintiff's motion for summary judgment, regardless of the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, the Supreme Court should have denied the defendants' cross motion for summary judgment declaring that the plaintiff was not entitled to an expansion of the easement. The defendants failed to make a prima facie showing of entitlement to judgment as a matter of law by conclusively negating any one of the elements of an easement by prescription which, if proven at trial, would warrant the recognition of an easement by prescription over the relevant portions of the defendants' property (see Old Town Tree Farm, Inc. v Long Is. Power Auth., 101 AD3d 692; Mee Wah Chan v Y & Dev. Corp., 82 AD3d 942, 943). Inasmuch as the defendants failed to meet their prima facie burden, it is unnecessary to consider whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853; Old Town Tree Farm, Inc. v Long Is. Power Auth., 101 AD3d at 693).
Contrary to the plaintiff's contention, in light of her counsel's conduct in filing an amended complaint which differed from the one approved by the Supreme Court, the court did not improvidently exercise its discretion in granting that branch of the defendants' motion which was pursuant to 22 NYCRR 130-1.1 for an award of costs in the form of the attorney's fee incurred in connection with making their motion to dismiss that amended complaint.
The plaintiff's remaining contention is without merit.
DILLON, J.P., ROMAN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court