Theroux v Resnicow (2020 NY Slip Op 06074)





Theroux v Resnicow


2020 NY Slip Op 06074


Decided on October 27, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 27, 2020

Before: Gische, J.P., Oing, Scarpulla, Mendez, JJ. 


Index No. 154642/17 Appeal No. 12201 Case No. 2019-5576 

[*1]Justin Theroux, Plaintiff-Respondent,
v
Norman J. Resnicow, et al, Defendants-Appellants, 71 Washington Place Owners, Inc., et al., Nominal Defendants.


Peter M. Levine, New York, for appellants.
Pryor Cashman LLP, New York (Eric D. Sherman of counsel), for respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about June 25, 2019, which, to the extent appealed from as limited by the briefs, denied defendants Norman J. Resnicow and Barbara Resnicow's motion for summary judgment declaring, upon their counterclaim, the legal boundary between the parties' portions of the roof terrace of their building to be in accordance with their contentions, and granted plaintiff's motion for summary judgment on his trespass claim and declaring the legal boundary to be in accordance with his contentions, unanimously modified, on the law, solely to declare in plaintiff's favor on defendants' counterclaim, and, as so modified, affirmed, with costs.
The court correctly determined that the language of the cooperative offering plan describing the boundary between plaintiff's and defendants' portions of the roof terrace was ambiguous (see Ellington v EMI Music, Inc., 24 NY3d 239, 244 [2014]). As used in the offering plan, the terms "stair" and "stairs" are susceptible to at least two reasonable interpretations, and the offering plan otherwise does not disclose the parties' intent (see id.).
The court properly considered extrinsic evidence to resolve the ambiguity (see Chen v Yan, 109 AD3d 727, 729 [1st Dept 2013]). The extrinsic evidence presented supports plaintiff's interpretation of the offering plan; defendants identified no extrinsic evidence that supports their interpretation (see Nova Cas. Co. v Peter Thomas Roth Labs, LLC, 178 AD3d 468 [1st Dept 2019]; 1375 Equities Corp. v Buildgreen Solutions, LLC, 120 AD3d 783, 783 [2d Dept 2014]).
The record demonstrates conclusively that defendants are liable for trespass (see generally Marone v Kally, 109 AD3d 880, 882-83 [2d Dept 2013], lv denied 24 NY3d 911 [2014]). In addition to placing and maintaining a line of bricks on plaintiff's property, defendants do not dispute that Norman J. Resnicow entered onto plaintiff's property on multiple occasions without permission to do so. Resnicow's entries onto plaintiff's property to take measurements, move an item on plaintiff's property, take photographs, and confront workers were not necessary to abate a nuisance or address an imminent health hazard (see Courtney v 18th & 8th LLC, 145 AD3d 471, 472 [1st Dept 2016], lv dismissed 29 NY3d 1045 [2017]).
We have considered defendants' remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 27, 2020