501 Fifth Ave. Co. LLC v Frawley
2026 NY Slip Op 03723
June 11, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

501 Fifth Avenue Company LLC, Plaintiff-Appellant,
v
Patrick T. Frawley, Defendant, Frawley & Associates, LLC, et al., Respondents.

Decided and Entered: June 11, 2026
Index No. 154670/23 |Appeal No. 6887|Case No. 2025-06925|
Before: Kennedy, J.P., Scarpulla, Friedman, Mendez, Pitt-Burke, JJ.

Borah, Goldstein, Nahins & Goidel, P.C., New York (Nicole E. Meyer of counsel), for appellant.
Law Offices of Jaime Lathrop, P.C., Brooklyn (Jaime Lathrop of counsel), for respondents.

[*1]
Order, Supreme Court, New York County (Gerald Lebovits, J.), entered October 1, 2025, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on its claim for breach of a commercial lease as against defendants Frawley & Associates LLC and Mohammed Ali and granted summary judgment in favor of defendants, unanimously affirmed, without costs.
In this commercial landlord-tenant action plaintiff was the owner and landlord of commercial space occupied by non-appealing defendant Patrick T. Frawley (the former tenant), pursuant to a written lease agreement for a term commencing March 1, 2021 and expiring February 29, 2024. Defendants purchased Tenant's business in August 2022 pursuant to an asset purchase agreement. The former tenant defaulted on its lease obligations and vacated the commercial space. Defendants have never occupied it.
The former tenant did not assign to defendants the former tenant's lease obligations under the asset purchase agreement (see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]). Paragraph 14(g) of the asset purchase agreement identifies two categories of transferred contractual obligations, "leases of personal property and equipment" and "contracts used in the operation of the Business." Paragraph 14(g) does not explicitly provide for the assumption of leases of real property, such as the lease at issue here. The specificity of the transferred lease obligations in the first category, limited to leases of personal property and equipment, without reference to leases of real property, unambiguously shows that paragraph 14(g) was not meant to include leases of real property in the obligations transferred (see Kretzmer v Firesafe Prods. Corp., 24 AD3d 158, 158 [1st Dept 2005]).
To the extent that there was any ambiguity in the terms of the asset purchase agreement concerning the assumption of the tenant's lease obligations, the sole extrinsic evidence identified by the parties to resolve such ambiguity favors defendants' interpretation (see Theroux v Resnicow, 187 AD3d 654, 655 [1st Dept 2020]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 11, 2026